■ In the Matter of the Dissolution of DALMINTER, INC. DALMINTER, INC., et al., Appellants; SIDEREXPORT S. P. A., Respondent.— Order, entered on February 24, 1965, granting the petition for dissolution to the extent of appointing a Referee to hear and report, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of eliminating the provision for a reference and directing that the matter proceed before at Special Term for Trials, and, as so modified, affirmed, without costs or disbursements. In corporate dissolution matters the determination of facts made by a Referee becomes binding upon the Special Term. (*Matter of Seamerlin Operating Co. [Searing-Merlino],* 307 N. Y. 407.) Therefore, in the absence of complex issues or the necessity for extended hearings, the better practice is for the court to try the issue. (*Matter of Willmark Serv. System,* 21 A D 2d 478, 480; *Matter of Howell Realty Corp.,* 19 A D 2d

805; *Matter of Sulter French Confections,* 17 A D 2d 610; *Matter of 3260 Perry Ave. Realty Corp.* [*De Burr*], 285 App. Div. 71.) Appeal from order entered February 24, 1965, denying reargument of the application for dissolution, unanimously dismissed as nonappealable, without costs or disbursements. (*Matter of Kleinert* v. *Gabel,* 18 A D 2d 990.) Order, entered January 20, 1965, denying the cross motion of respondent-appellant, Charles A. Koons, Inc., to compel arbitration, unanimously affirmed, without costs and without disbursements. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.