Jacob Markowitz, J.
This stockholders’ derivative action under section 720 of the Business Corporation Law was instituted to enjoin defendants from further claimed exploitation of Elgin National Watch Company (hereinafter Elgin Watch), to declare certain agreements made by Elgin Watch null and void, *469 to remove certain of the individual defendants from office as directors of Elgin Watch, and to direct the defendants to account for damages claimed to have been sustained by Elgin Watch and for the profits realized by the defendants, resulting from the acts charged in the complaint.
Plaintiffs moved for the examination before trial of defendants Zale Corporation, Morris B. Zale and Ben A. Lipshy. In turn, defendant Elgin Watch cross-moved for an order substituting Elgin Watch as plaintiff in place of the individual plaintiffs. In light of Tenny v. Rosenthal (6 N Y 2d 204), by order dated April 5, 1968, the cross motion was granted to the extent of setting the matter for hearing before a Referee to hear and report on the issues whether Elgin Watch was controlled by independent directors, was capable of taking over the litigation, and was acting in good faith as to the course intended to be pursued by it. Pending the Referee’s report, plaintiffs’ motion for the examination before trial of defendants Zale Corporation, Zale and Lipshy was held in abeyance.
After hearings held in May of 1968, and again in the fall of 1971, the Referee reported that Elgin Watch is now controlled by an independent board of directors free from any ties to the Zale Corporation and the named defendants other than Elgin Watch, that the corporation was capable of taking over the litigation for the best interests of the corporation and that it ‘ ‘ had proven justifiable reliance, in good faith, by the Board of Directors, on advice of counsel, as to the course to be pursued.”
The Referee’s report, dated April 3, 1972, was filed on April 6, 1972.
On motion of Elgin Watch, the Referee’s report was confirmed to the extent of substituting the corporation for the individual plaintiffs, the title of the action was amended accordingly, and the action was continued in the name of Elgin National Industries, Inc.* without prejudice to the prior proceedings herein. The motion for the examination before trial of defendants Zale Corporation, Zale and Lipshy continued to be held in abeyance.
The order, dated June 12, 1972, directed that a copy of the order be served on all parties to the action, including the former individual plaintiffs; and they were directed to show cause why an order should not be made, pursuant to subdivision (d) of section 626 of the Business Corporation Law, permitting the substitute plaintiff to discontinue the action with prejudice. This is the motion now before the court for disposition.
*470 Subdivision (d) of section 626 of the Business Corporation Law provides that a shareholders ’ derivative action ‘ ‘ shall not be discontinued, compromised or settled, without the approval of the court having jurisdiction of the action. ’
The subdivision continues: ‘ ‘ If the court shall determine that the interests of the shareholders or any class or classes thereof will be substantially affected by such discontinuance, compromise, or settlement, the court, in its discretion, may direct that notice, by publication or otherwise, shall be given to the shareholders or class or classes thereof whose interests it determines will be so affected; if notice is so directed to be given, the court may determine which one or more of the parties to the action shall bear the expense of giving the same, in such amount as the court shall determine and find to be reasonable in the circumstances, and the amount of such expense shall be awarded as special costs of the action and recoverable in the same manner as statutory taxable costs.
The papers and exhibits before me make self-evident that the interests of Elgin Watch stockholders may be “ substantially affected by the proposed discontinuance of the action. I am not persuaded, in the present posture of the case, that the action should be discontinued without affording the stockholders the opportunity to further investigate the merits and to present any testimony they wish to present on the issue of discontinuance.
I have given careful thought to the question how best to afford that opportunity to the other stockholders. In the unusual situation before me, and given the complicated situation presented by the pleadings, my conclusion, as I have advised counsel, is that it is to the advantage of the litigants, and in the best interest of the corporation and its stockholders and of the court, that the issue of discontinuing the action be heard by a Referee to inquire and report with his recommendations (CPLR 4001, 4201, 4212, 4311; Burlington Ind. v. Eastern Express, 23 A D 2d 841, app. dsmd. 17 N Y 2d 803; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4212.05).
Accordingly, the motion to permit the substitute plaintiff to discontinue the action with prejudice is granted to the extent only of referring the issue for hearing before Hon. Seymour. Bibber, Special Referee, who will hear the issue after notice to the stockholders of Elgin Watch and report his findings to the court with his recommendations.
Settle order with provision for notice of the hearing to the stockholders in form to be approved by the court. The order shall also contain the following provision: ‘ ‘ Counsel are directed *471 to serve a copy of this order within five days after publication hereof on the office of the referees, Room 308M, for the purpose of arranging a hearing date.”

 The present successor to Elgin National Watch Company.