756

■ JANET S. GOLDSMITH, an Infant, by Her Father, JESSE ROSS, et al., Respondents, v. JOEL GOLDSMITH, an Infant, Appellant.— Order of the Supreme Court, Nassau County, entered March 4, 1974, affirmed, with one bill of $20 costs and disbursements to respondents jointly, without prejudice to any proper proceeding that may hereafter be brought on behalf of the infant Shawna Goldsmith against her grandfather Jesse Ross for support (*Lawrence* v. *Fox*, 20 N. Y. 268), provided support moneys from either appellant or respondent Janet S. Goldsmith become unavailable in the future. Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.

■ JOHN GRAMMAS, on Behalf of Himself as a Director, and as a Shareholder of BELLON STEEL CO., INC., Respondent, v. JOSEPH CHARLA, JR., et al., Appellants, et al., Defendant.— In this derivative action (by the owner of 50% of the issued and outstanding shares of stock of defendant Bellon Steel Co., Inc., [Bellon]), *inter alia*, to compel defendants Joseph Charla, Jr., (the owner of the other 50% of the shares), Joseph Charla Iron Works, Inc., and Charla Erecting Corp. to account for assets of Bellon unlawfully diverted by them for their own use, said defendants, including Bellon, appeal from an order of the Supreme Court, Nassau County, entered November 28, 1973, which denied their motion to dismiss plaintiff's supplemental and amended complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7) "and/or" on the ground that the plaintiff may not maintain the action because of the doctrine of "unclean hands". Order affirmed, without costs. Treating appellants' motion as a demurrer, the Special Term properly denied same. On demurrer to the legal sufficiency of a complaint, it is fundamental that all of the allegations of the complaint must be accepted as true and plaintiff is entitled to the fair intendment of the allegations thereof (*Cohen* v. *Lionel Corp.*, 21 N Y 2d 559, 562). We agree with Special Term that a legally sufficient cause of action has been alleged and that plaintiff is not estopped by his own alleged wrongful diversion of Bellon's assets from maintaining this action on Bellon's behalf. Treating defendants' motion as one for summary judgment dismissing the complaint, the affidavits establish triable issues of fact. Moreover, we note that the record discloses that a proceeding recently was instituted, and is still undetermined, for a judicial dissolution of Bellon by virtue of the dissension between plaintiff and defendant Joseph Charla, Jr., its sole stockholders. In that proceeding, which is under article 11 of the Business Corporation Law, and which is also equitable in nature, relief might be granted parallel to some of the relief that might be granted in this action. Thus, Special Term appropriately might order a consolidation or a joint trial of this action and that proceeding (cf. *Cooperman* v. *COR Land Corp.*, 41 Misc 2d 330, 331 [discussed by Professor David D. Siegel in his Practice Commentary in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211, p. 26]). At the trial of this equity action or of this action consolidated with the pending dissolution proceeding, the trial court may consider the facts and the equities as they may exist at the time of the trial. The court may mold the relief which it may see fit to grant to any of the parties according to the exigencies of this case as they might then exist. The trial should proceed as expeditiously as reasonably possible to conclude this litigation (cf. *Feinberg* v. *Region Holding Corp.*, 41 A D 2d 536, 537; *State of New York* v. *Ole Olsen, Ltd.*, 38 A D 2d 967, 968; *Matter of Galewitz*, 3 A D 2d 280, 285, affd. 5 N Y 2d 721; *Lightfoot* v. *Davis*, 198 N. Y. 261, 273; *Sidco Distr. Co.* v. *Milco Food Corp.*, 43 A D 2d 844). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.