■ In the Matter of WILLIAM R. FLEISCHER, Appellant. GIFT PAX, INC., et al., Respondents.—In a proceeding pursuant to section 1104-a of the Business Corporation Law for the dissolution of the respondent corporations, petitioner appeals from so much of an order of the Supreme Court, Nassau County, dated July 24, 1980, as, upon his cross application, (1) refused to declare that subdivision (h) of section 623 of the Business Corporation Law controls the procedure for the determination of the "fair value" of his shares of stock, (2) declined to authorize, pursuant to CPLR 408, the conduct of any and all of the relevant disclosure proceedings permitted by CPLR article 31, and (3) failed to require that the respondent corporations make a written offer to purchase the petitioner's shares of stock at what they (the respondents) considered to be the "fair value" of the shares (see Business Corporation Law, § 623, subd [g]). Order affirmed insofar as appealed from, with $50 costs and disbursements. Petitioner, the holder of one third of the shares of stock in the respondent corporations, brought a proceeding pursuant to section 1104-a of the Business Corporation Law to dissolve said corporations. In the course of that proceeding, the respondent corporations exercised their option under section 1118 of the Business Corporation Law and elected to purchase the petitioner's shares, but when the parties were unable to agree as to their fair value, respondents applied to court for a stay pursuant to subdivision (b) of section 1118 and the proceeding was stayed. It thus became the duty of Special Term to determine the "fair value" of petitioner's shares (see Business Corporation Law, § 1118, subd [b]), and to that end it appointed a Referee to hear and report his findings. There is no quarrel by the parties with Special Term's appointment of a Referee. Petitioner, however, complains that Special Term, pursuant to his cross application, should have deemed subdivision (g) and selected provisions of subdivision (h) of section 623 of the Business Corporation Law to be applicable to the determination of fair value. Those provisions essentially would have provided: (1) that the corporations be required to make a *written* offer to purchase the petitioner's shares at what they believe to be the "fair

value" of the shares (see Business Corporation Law, § 623, subd [g]); (2) in the absence of a "bad faith" refusal to accept the proposed terms of sale, that the petitioner be awarded interest "at such rate as the court finds to be equitable" upon the judicially determined fair value of his shares (see Business Corporation Law, § 623, subd [h], par [6]); (3) again in the absence of bad faith, that the costs and expenses of the valuation proceeding be assessed against the respondent corporations (see Business Corporation Law, § 623, subd [h], par [7]); and (4) that the payment of the judicially determined fair value of petitioner's shares take place within 60 days after the final determination thereof (see Business Corporation Law, § 623, subd [h], par [8]). In support of the application of these provisions, petitioner relies primarily upon the legislative history surrounding sections 1104-a and 1118 of the Business Corporation Law, as well as various rules of statutory construction. Upon consideration, however, we fail to perceive any legislative design that the selected provisions of section 623 of the Business Corporation Law were intended to govern a court's determination of fair value under section 1118. Where, as here, (1) there has been no incorporation by reference (cf. Business Corporation Law, § 806, subd [b], par [6]; § 907, subd [e], par [2], cl [F]; § 910, subd [a]; § 1319, subd [a], par [1]), (2) much of the cited section is not directly applicable, and (3) the proffered incorporation of statutory provisions is quite selective, we believe that it is the better practice to refrain from judicial legislation and await further legislative action. Importantly, such a course will not, in our view, defeat the remedial purpose behind sections 1104-a and 1118 of the Business Corporation Law, nor prevent the court, in appropriate cases, from making such order as justice requires. We have considered petitioner's remaining contentions and find them to be without merit. Titone, J. P., Mangano, Gulotta and Weinstein, JJ., concur.