■ In the Matter of DONALD S. MITCHELL, Respondent, v A.J. MEDICAL SUPPLY, INC., Appellant.—In a dissolution proceeding, A.J. Medical Supply, Inc. appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Christ, J.), dated May 15, 1985, which, inter alia, appointed a Referee to hear and report on the value of the petitioner's shares of stock and stayed further proceedings pending the determination as to fair value.

Ordered that on the court's own motion, the appellant's notice of appeal from so much of the order as appointed a Referee to hear and report is treated as an application for leave to appeal, that application is referred to Justice Rubin, and leave to appeal is granted by Justice Rubin; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof appoint-

ing a Referee to hear and report; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the value of the petitioner's shares of stock pursuant to Business Corporation Law § 1118 or to refer that issue to a Judicial Hearing Officer to hear and report.

The petitioner commenced this proceeding to dissolve the appellant A.J. Medical Supply, Inc. (hereinafter the corporation) pursuant to Business Corporation Law § 1104-a. The petitioner is the sole minority shareholder, holding over 20% of the outstanding shares of stock of this close corporation. The remaining shares of stock are held by Jacob Altschuld, who is the corporation's president. In such a dissolution proceeding, "any other shareholder * * * [of] the corporation may, at any time within ninety days after the filing of such petition or at such later time as the court in its discretion may allow, elect to purchase the shares owned by the petitioners at their fair value and upon such terms and conditions as may be approved by the court" (Business Corporation Law § 1118 [a]).

After the commencement of this dissolution proceeding, the corporation moved, *inter alia,* to vacate the order to show cause and to dismiss the petition. In reply to the petitioner's opposition papers, the corporation withdrew that branch of its application which was to dismiss the petition for noncompliance with CPLR 2217 (b). The reply papers also contained the representation that "the majority shareholder will elect to purchase the shares of petitioner at the fair value if the avoidable pressures and expenses of litigation enable the corporation to otherwise survive until the conclusion of the dissolution proceedings". Cited in support of the invocation of Altschuld's right of election was the Court of Appeals ruling in *Matter of Kemp & Beatley (Gardstein)* (64 NY2d 63, 74), that "[e]very order of dissolution * * * must be conditioned upon permitting any shareholder of the corporation to elect to purchase the complaining shareholder's stock at fair value".

Correctly construing this representation as invoking the majority shareholder's right to elect to purchase under Business Corporation Law § 1118 (a) *(see, Matter of Barry One Hour Photo Process,* 111 Misc 2d 559), and cognizant that the petitioner and the majority shareholder were unable to agree upon the fair value of the shares, the court, in the order appealed from, *inter alia,* appointed a Referee to take proof of the value of the petitioner's shares and stayed the dissolution

proceeding pending the Referee's report. We disagree with so much of this order as directs a Referee to hear and report on the fair value of the petitioner's shares of stock.

Business Corporation Law § 1118 (b) provides that if a shareholder elects to purchase the shares owned by the petitioner but is unable to agree with the petitioner upon the fair value of such shares, as here, the court, upon the application of the prospective purchaser, "shall stay the proceedings * * * and determine the fair value of the petitioner's shares as of the day prior to the date on which such petition was filed, exclusive of any element of value arising from such filing". This provision does not preclude a referral to a Referee to hear and report (see, Matter of Fleischer, 107 AD2d 97; see also, Matter of Fleischer [Gift Pax], 79 AD2d 636; cf., Business Corporation Law § 623 [h] [4]). However, under the circumstances of this case, where there is an absence of complex issues or the necessity for extended hearings, it would be to the advantage of the shareholders and in the best interest of such a small close corporation for the court to try the issue (see, CPLR 4212; Matter of Dalminter, Inc., 23 AD2d 749; cf., Elgin Natl. Indus. v Zale Corp., 71 Misc 2d 468) or refer it to a Judicial Hearing Officer to hear and report, rather than burdening the litigants with the expense of a private Referee. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.