In the Matter of DOLORES IMBRIALE, as Administratrix of the Estate of JOSEPH J. IMBRIALE, Deceased, Respondent, v MARGARET IMBRIALE, Individually and as Executrix of JOHN IMBRIALE, Deceased, Appellant.—In two hybrid proceedings and actions pursuant to Business Corporation Law articles 6, 11 and 12, seeking, *inter alia,* judicial dissolution of Imbriale Brothers Laundry & Cleaning, Inc., and Imbriale Realty Corp., the appointment of temporary and permanent receivers, and an accounting by Margaret Imbriale with respect to each corporation, Margaret Imbriale appeals, as limited by her brief, from so much of two orders of the Supreme Court, Kings County (Ramirez, J.), both dated March 29, 1988, as, upon reargument, adhered to its original determination and granted the relief requested in each petition and complaint to the extent of appointing a permanent receiver for each corporation, directing the receiver to file an undertaking, directing the receiver to prepare corporate tax returns and pay all taxes due and payable, and directing Margaret Imbriale to

account to the plaintiff and the respective corporations. The appellant's notices of appeal from the orders dated February 4, 1988 are deemed premature notices of appeal from the orders dated March 29, 1988 (CPLR 5520 [c]).

Ordered that the orders are modified, on the law and as a matter of discretion, by (1) deleting the second decretal paragraph of each order and substituting therefor a provision in each order that the receiver therein named is appointed as a temporary receiver of the specified corporation to preserve the assets and carry on the business of the corporation, pendente lite, with the usual powers and duties of temporary receivers (Business Corporation Law § 1113; art 12); and (2) deleting the fourth decretal paragraph of each order; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements.

In each "petition and complaint" served upon the appellant, the first four causes of action sought judicial dissolution of the specified corporation pursuant to Business Corporation Law article 11. The fifth and sixth causes of action, pursuant to Business Corporation Law §§ 626 and 1202 (a) (3), alleged claims based upon the petitioner-plaintiff Dolores Imbriale's alleged status as a shareholder, and sought, *inter alia,* to preserve the assets of the corporation, which allegedly had no officer within this State qualified to administer them. With respect to these latter two causes of action in each petition and complaint, the petitioner-plaintiff requested the appointment of a temporary and permanent receiver, pursuant to Business Corporation Law article 12, for each corporation and an accounting by Margaret Imbriale for her conduct in the management and disposition of the assets and property of each corporation.

We note that the claims based upon the petitioner-plaintiff Dolores Imbriale's status as an alleged shareholder could be combined with the claims seeking judicial dissolution of each corporation pursuant to Business Corporation Law article 11 *(cf., Grammas v Charla,* 45 AD2d 756 [a shareholder's derivative action may be consolidated with a judicial dissolution proceeding]). While it is undisputed that at the time of the commencement of this litigation, each corporation had been "dissolved" for the nonpayment of taxes pursuant to Tax Law § 203-a (although the businesses are apparently still operating), the fifth and sixth causes of action in each "petition and complaint" remained viable *(see, Independent Investor Protective League v Time, Inc.,* 50 NY2d 259, *rearg denied* 50 NY2d 1059; *Weinert v Kinkel,* 296 NY 151; *Matter of Maki v Estate*

*of Ziehm,* 55 AD2d 454). Therefore, we find no merit to the appellant's claim that the Supreme Court should have dismissed each petition and complaint in its entirety.

However, we agree with the appellant that the Supreme Court erred by granting the ultimate relief the petitioner-plaintiff was seeking in the fifth and sixth causes of action, to wit, appointment of a permanent receiver and an accounting by the appellant as to each corporation, at such an early stage in the litigation. The petitioner-plaintiff had moved, in pertinent part, for all the relief requested in each petition and complaint verified by Dolores Imbriale as to each corporation. However, in support of the motions, the petitioner-plaintiff alleged that temporary receivers should be appointed as soon as possible. The appellant, by her counsel, indicated, in pertinent part, that the corporations had been "dissolved" for nonpayment of taxes. In addition, an answer was served by the appellant with respect to each petition and complaint, denying the material allegations therein.

Under the circumstances, we find that the papers submitted to Supreme Court were sufficient only to support the appointment of a temporary receiver to preserve the assets and carry on the business of each corporation, pendente lite, with the usual powers and duties of temporary receivers (Business Corporation Law § 1113; art 12). The orders have been modified accordingly to provide that the named receiver should be temporary. The Supreme Court properly directed that the appointed receiver shall file a separate undertaking in the sum of $250,000 with respect to each corporation, and that he shall prepare and file all corporate tax returns as may be required by law and pay as a preferred obligation all taxes that were and are due and payable to governmental authorities. We have affirmed those portions of the orders appealed from.

The other contentions raised by the appellant have been considered and we find them to be without merit. The trial should proceed as expeditiously as reasonably possible to conclude this litigation *(see, Grammas v Charla,* 45 AD2d 756, *supra).* Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.