■ RHEA SLADE, Individually and as Executrix of ALECK SLADE, Deceased, Respondent-Appellant, v JEFFREY ENDERVELT et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered June 19, 1990, which, *inter alia,* denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 on the grounds that plaintiff lacked standing and stayed this action pending determination of an action entitled *Matter of Davend Corp.* unanimously modified, on the law, the facts and in the exercise of discretion, to reverse that portion of the order which granted a stay, and otherwise affirmed, without costs.

On May 5, 1988, plaintiff commenced a proceeding entitled *Matter of Davend Corp.* seeking to dissolve the named corporation, of which plaintiff holds a 28½ per cent interest, pursuant to Business Corporation Law § 1104-a, based on plaintiff's claims that she was refused access to financial records concerning the corporation and its subsidiaries and that the majority shareholders were engaged in wasting, looting and diverting the corporate assets for non-corporate purposes. In connection with that action, the IAS court issued a temporary restraining order enjoining the use of corporate funds except under certain limited conditions. On May 9, 1988 the corporation made an election, pursuant to Business Corporation Law § 1118, to purchase all of plaintiff's shares at fair value, thereby transforming plaintiff's action into one for valuation and staying the dissolution proceeding.

According to plaintiff, after she obtained certain documents pursuant to discovery in the valuation action, she realized that irregularities had occurred which compelled her to bring the instant derivative action, pursuant to Business Corporation Law § 626 (a), on behalf of the corporation. The complaint herein alleges that the majority shareholders, along with other named defendants who are neither directors nor controlling shareholders, had been involved in corporate looting, waste and diversion and were therefore liable to the corporation for damages of $7,000,000. Defendants moved to dismiss on the ground that plaintiff no longer had standing to bring a derivative action because their election to purchase her shares pursuant to Business Corporation Law § 1118 automatically deprived her of her status as a shareholder and rendered her no more than a general creditor of the corporation. The IAS court agreed that plaintiff lacked standing but, nevertheless, stayed the derivative action pending such time as plaintiff was paid the fair value of her shares. Defendants-appellants have appealed from the order insofar as it denied the motion to dismiss and plaintiff, in turn, has cross-appealed from the order insofar as it provided for a stay.

Although shareholder status is required in order to bring a derivative action *(Tenney v Rosenthal,* 6 NY2d 204, 211; Business Corporation Law § 626 [b]), there is no bar to a shareholder pursuing both dissolution and derivative actions simultaneously. *(See, Grammas v Charla,* 45 AD2d 756.) Defendants have offered neither authority nor any logical rationale for their argument that by virtue of their election to purchase plaintiff's shares rather than permitting the dissolution proceeding to go forward, they could strip her of her

status as a shareholder and place her in the position of a general creditor, without such interest in the corporation as would permit her to bring a derivative action. Not only does the Business Corporation Law fail to describe a person in plaintiff's position as a general creditor, but in any event, since plaintiff, at this point, is not yet owed a fixed sum there is no basis upon which to find or infer that she occupies such status. *(Cf., Rubinstein v Catacosinos, 91 AD2d 445.)*

Defendant's reliance on Business Corporation Law § 623 is misplaced. That section deals solely with the rights of dissenting shareholders in a merger situation to elect to receive payment for their shares and the statute itself expressly provides that under such circumstances "a shareholder ceases 'to have any of the rights of a shareholder except the right to be paid the fair value of his shares' " and is excluded from any other rights to which he or she might otherwise be entitled by virtue of share ownership such as the bringing of a derivative action. *(Breed v Barton, 54 NY2d 82, 85.)* Significantly, Business Corporation Law § 1118, the governing statute when the election is made by the corporation, contains no such divesting language.

Business Corporation Law §§ 1104-a and 1118, here in issue, were enacted for the protection of minority stockholders of closely held corporations and enable them to obtain relief. *(See, Matter of Blake v Blake Agency, 107 AD2d 139, lv denied 65 NY2d 609.)* The omission of any divesting provision in section 1118, in distinction to Business Corporation Law § 623, manifests legislative recognition of the different considerations which apply when it is the corporation, rather than the stockholder, that initiates the election and is designed to provide some protective recourse to the shareholder who is involuntarily being "bought out". The practical effect is emphasized in the instant case where plaintiff's shares are being valued at the corporation's behest and where there are charges of waste and mismanagement which are claimed to have adversely affected the corporation's financial position, and, consequently, the fair value of the plaintiff's shares and, perhaps of even greater significance, the ability of the corporation to actually make payment for the value allocated to those shares.

In that setting, to preclude, as defendants urge, the shareholder from pursuing a derivative action which, if successful, would enhance the corporation's assets and the shareholder's proportionate interest therein, would be to reward the alleged wrongdoers in control of the corporation by permitting them

to involuntarily silence, and economically injure, a minority stockholder who seeks redress on behalf of the corporation for that wrongdoing. Business Corporation Law § 1118, as written, protects against that result. Defendants' attempt to engraft on that statute a provision from section 623 would improperly serve to rewrite the statute despite the absence of a legislative design that the selected provision of section 623 of the Business Corporation Law was intended to govern a court's determination of fair value under section 1118. *(Cf., Matter of Fleischer [Gift Pax],* 79 AD2d 636.)

Nor do the recent amendments to Business Corporation Law §§ 1104-a and 1118 (b), which, *inter alia,* permit the court to impose a surcharge upon the directors or those in control of the corporation for improper dissipation of corporate assets, impact upon plaintiff's right to proceed with the derivative suit. While these amendments allow a court in a dissolution proceeding under certain circumstances to compensate a shareholder for damages to the corporation caused by improper conduct by those in control, despite the shareholder's failure to bring a derivative action, they contain no implication that there is a concomitant intention to divest a shareholder of the right to bring such a derivative action. Indeed, as plaintiff points out, the remedy provided for by these amendments would be inadequate in the instant case since claims are asserted in the derivative action not only against the corporation's directors and other shareholders but also against third parties who are neither directors nor shareholders of the corporation. The amendments afford no recourse against such latter alleged wrongdoers.

Accordingly, the stay imposed in the derivative stockholder's action is hereby vacated and that action shall proceed forthwith in the same Individual Assignment Part in which the valuation proceeding is presently pending. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.