■ In the Matter of SEYMOUR DAVIS, Appellant-Respondent. SHAYNE-LEVY ASSOCIATES, INC., Respondent-Appellant.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered January 30, 1990, which confirmed a Referee's report and recommendation determining the fair market value of petitioner's share of respondent Shayne-Levy Associates, Inc., at $89,473.10, plus interest, and granted judgment in that amount against the corporation, and denied petitioner's motion to amend the pleadings and the caption to assert individual liability against Arthur Levy is unanimously modified, on the law, the facts, and in the exercise of discretion, to reverse the denial of petitioner's motion and grant said motion to the extent of joining Arthur Levy as a party and granting leave to petitioner, to serve an amended complaint stating a cause of action pursuant to Business Corporation Law § 626 against Arthur Levy individually, severing the action against the corporation and permitting petitioner to proceed on the judgment entered thereon, and amending the judgment to provide that upon payment of the judgment in full, petitioner's shares shall be transferred to the corporation and his interest therein, and any causes of

action herein arising therefrom, shall be extinguished, and is otherwise affirmed, without costs.

Petitioner and Levy were the sole shareholders of respondent, which was engaged as a sales representative in the knit goods industry. Petitioner, who held 18.36% of the stock, handled the foreign business, which was made up primarily of an account with Kowa Trading Corp. ("Kowa"). Levy, who owned the balance of the stock, handled the domestic business, which consisted primarily of the Star Knitwear, Inc. ("Star") account, which provided 50% of respondent's gross income. Each individual earned his own commissions, for which he did not have to account to the other. Levy also held one third of the stock in Star.

When Levy suggested, in 1983, that the foreign business should be dropped as unprofitable, petitioner left the corporation's employ and joined Kowa. Levy, with the aid of the new corporate accountant, thereupon set about to alter the corporate structure to increase the perquisites to him and his family, and to shelter the income Levy derived therefrom.

Although the corporation had the right, under a 1970 shareholder's agreement, to buy out petitioner's interest within 60 days of termination of his employment at the book value as of the last day of the month preceding such termination, we find that it failed to timely exercise this right, thereby foregoing its rights under the agreement. Nevertheless, the parties entered into negotiations for a buy-out. However, when the corporate accountant offered him only $4,000, petitioner sought judicial relief. After an abortive attempt in 1983, petitioner commenced the instant proceeding in April, 1985.

The action was commenced as a special proceeding for dissolution of the corporation. However, since the statute providing for a dissolution proceeding, Business Corporation Law § 1104-a, only comes into play when the shareholder seeking dissolution owns over 20% of the outstanding shares of the corporation, the within proceeding is not governed by statute and is equitable in nature. *(See, Lewis v Jones, 107 AD2d 931.)*

When, during the course of the proceeding, the corporation cross-moved to be permitted to buy out petitioner's interest for $4,000, the court determined that, if petitioner's allegations were proved, the appropriate remedy would not be dissolution, but, rather, would be to require the corporation to purchase petitioner's shares for their fair value. *(See, Matter of Wiedy's Furniture Clearance Center Co., 108 AD2d 81.)*

The matter was referred for an equitable determination by a Referee as to the fair value of petitioner's shares and whether the corporation had dissipated its assets. That referral order was affirmed by this court in 1986 (121 AD2d 851). After lengthy hearings, the Referee reached an adjusted valuation which was more than 20 times greater than the amount that respondent had initially offered. The IAS court confirmed the findings and entered judgment against the corporation in that amount. Respondent corporation appeals from the judgment.

We approve the method and adjustments used by the Referee. There is no uniform rule for valuing the stock of a closely held corporation (Amodio v Amodio, 70 NY2d 5). There was ample evidence in the record that respondent's corporate structure was drastically altered, immediately following petitioner's departure, so as to siphon away and "waste" a substantial portion of its assets. The perquisites shared by petitioner and Levy in an earlier day in no way resembled the wholesale dissipation that took place at Levy's behest, for the benefit of himself and his family, after petitioner's departure. We also approve the fixing of the valuation date as the day preceding initiation of the instant proceeding (cf., Business Corporation Law § 1118 [b]) rather than the date set in the corporate buy-out agreement, which was rendered null and void when respondent failed to timely exercise its rights. Accordingly, the amount of the judgment entered against the corporation is affirmed.

Petitioner appeals from the denial of his motion to resettle the judgment, entered solely against the corporation, to enter it jointly and severally against both the corporation and Arthur Levy, individually. Petitioner argues that, although Levy was not named individually in the dissolution proceeding, he was expressly named in and served with, in his capacity as a shareholder, the order to show cause which commenced the proceeding, has appeared throughout as a representative of the corporation and has vigorously contested on the merits the very issues of waste of corporate assets for which he could be held individually liable.

In light of the clear evidence before the Referee, and his confirmed findings, that the corporate respondent has been looted by Levy who is in complete control of the corporation, and the corollary probability that his actions may so impact upon the corporation's assets as to render it unable to ultimately pay the within judgment, we find that Levy is a necessary party herein within the meaning of CPLR 1001 and

should be joined in order that complete relief may be afforded to petitioner. Under CPLR 1003, a necessary party may be joined at any stage of the litigation, including an appeal. *(See, Kirkland v Board of Educ.,* 49 AD2d 693.)* Since petitioner remains a shareholder in the corporation until payment is made for the fair value of his shares, he retains standing to pursue a shareholder's derivative action, against Levy individually *(see, Slade v Endervelt,* 174 AD2d 389). Accordingly, Levy is joined as a party herein and petitioner is granted leave to serve a complaint upon Levy individually setting forth an appropriate cause of action pursuant to Business Corporation Law § 626.

The judgment against the corporation as it presently stands merely provides for payment by the corporation of the amount found to constitute the fair value of petitioner's shares but is silent as to when and how petitioner's interest in the corporation shall be extinguished. Fairness requires that the judgment be amended to provide that upon payment in full of the specified amount, petitioner's shares shall simultaneously be transferred back to the respondent corporation and his interest therein shall terminate. Payment of the amount of the judgment, by either the corporation or Levy, shall release both from any further liability herein.

Accordingly, the judgment against the corporation, as amended, is affirmed and the action against Levy individually is severed and remanded for further proceedings consistent with the foregoing. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.