■ In the Matter of SEYMOUR DAVIS, Respondent. SHAYNE-LEVY ASSOCIATES, INC., Appellant. SEYMOUR DAVIS, as a Shareholder and in the Right of SHAYNE-LEVY ASSOCIATES, INC., Respondent, v SHAYNE-LEVY ASSOCIATES et al., Appellants. [602 NYS2d 869] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on September 30, 1992, which, insofar as appealed from, granted plaintiff's motion to compel production of documents, and denied defendant Levy's cross-motion to dismiss the action as against him as time-barred, unanimously affirmed, with costs.

Defendant Levy argues that plaintiff has not satisfied the third prong of the relation back rule (CPLR 203 [b]), joinder of a new party after the Statute of Limitations has run, namely, that "the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well" *(Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226, citing *Brock v Bua,* 83 AD2d 61, 69). This argument is incompatible with the finding of this Court on the previous appeal that defendant Levy "was expressly named in and served with, in his capacity as a shareholder, the order to show cause which commenced the proceeding, has appeared throughout as a representative of the corporation and has vigorously contested on the merits the very issues of waste of corporate assets for which he could be held individually liable" (174 AD2d 449, 451). The present appeal is, in effect, simply an attempt to relitigate an issue already decided. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.