Judgment, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered March 26, 2013, to the extent appealed from as limited by the briefs, awarding plaintiff damages as against defendants Uplift Elevator Corp., Ivica Lubina, and Paul Gaidar aro, and dissolving defendant Uplift, unanimously modified, on the law, to vacate the judgment as against Gaidar aro and to vacate the dissolution of Uplift, and otherwise affirmed, without costs. Appeal from orders, same court and Justice, entered August 16, 2012, September 13, 2012, and on or about January 30, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Appeal from order, same court and Justice, entered on or about January 24, 2013, which denied defendant Gaidar aro’s motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Plaintiff, a 15% minority shareholder in Uplift, has standing to bring his breach of fiduciary duty claims as direct, as well as derivative, causes of action, since defendants’ freezing him out of the corporation and failing to pay him his share of the profits harmed him individually, and he would receive the benefit of any recovery (see Yudell v Gilbert, 99 AD3d 108, 113-114 [1st Dept 2012]; see also Abrams v Donati, 66 NY2d 951 [1985]).
*541 As the majority shareholder of Uplift, a closely held corporation, Lubina had a fiduciary duty to plaintiff, a minority shareholder (O’Neill v Warburg, Pincus & Co., 39 AD3d 281, 282 [1st Dept 2007]; see also Wolff v Wolff, 67 NY2d 638 [1986]). He breached this duty by, inter alia, distributing profits to Caldararo, an employee of the corporation, without making a 15% distribution of profits to plaintiff, as required, by relocating the corporation’s office without plaintiff’s knowledge and without giving plaintiff access to it, and by closing out the corporation’s bank account on which plaintiff was a signatory and opening another corporate account on which plaintiff was not a signatory.
Defendants contend that Lubina’s actions are protected by the business judgment rule, which “prohibits judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990] [internal quotation marks omitted]). However, defendants failed to raise this argument as an affirmative defense in their answer, and their motion to amend the pleadings to conform to the trial evidence several weeks after the court had issued its post-trial order finding breaches of fiduciary duty was properly rejected as devoid of merit (see id.).
Lubina is properly subject to personal liability for the corporation’s debts to plaintiff, since “a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced” (Peguero v 601 Realty Corp., 58 AD3d 556, 558 [1st Dept 2009] [internal quotation marks and emphasis omitted]).
Caldararo, however, was an employee of the corporation, and did not have a fiduciary duty to plaintiff; although he received profits from Lubina, there is no evidence that he also shared in the corporation’s losses (Vitale v Steinberg, 307 AD2d 107, 108 [1st Dept 2003]). Nor is there any other evidence of a fiduciary relationship between Caldararo and plaintiff (see People v Coventry First LLC, 13 NY3d 108, 115 [2009]). For this reason, Caldararo cannot be held personally liable for Uplift’s debts to plaintiff. Contrary to plaintiff’s unpreserved contention that Caldararo “aided and abetted” Lubina in Lubina’s breach of his fiduciary duty, the evidence does not support a finding that Caldararo “knowingly . . . participated in the breach” (see Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]).
*542 The trial court properly relied on plaintiffs expert’s valuation methodology (see Matter of North Star Elec. Contr. — N.Y.C. Corp., 174 AD2d 373 [1st Dept 1991], lv denied 79 NY2d 752 [1992]).
The court used the correct standard in determining that plaintiff had a right to common-law dissolution (see Fedele v Seybert, 250 AD2d 519, 521 [1st Dept 1998]). However, we find that a buy-out of plaintiffs interest for fair value, as opposed to both the buy-out and dissolution, is the more appropriate remedy here (see Leibert v Clapp, 13 NY2d 313, 318 [1963]; Matter of Davis [Shayne-Levy Assoc.], 174 AD2d 449 [1st Dept 1991], lv dismissed in part, denied in part 79 NY2d 820 [1991]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.