Matter of Kassab v Kasab (2021 NY Slip Op 03837)





Matter of Kassab v Kasab


2021 NY Slip Op 03837


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-09274
2018-00160
2018-01799
 (Index Nos. 711061/15, 711073/15)

[*1]In the Matter of Nissim Kassab, respondent-appellant,
v
Avraham Kasab, appellant-respondent, et al., respondents. (Matter No. 1)
Avraham Kasab, appellant-respondent, v Nissim Kassab, respondent-appellant. (Matter No. 2)


Kasowitz Benson Torres LLP, New York, NY (Jennifer S. Racine of counsel), for appellant-respondent.
Schlam Stone & Dolan LLP, New York, NY (Richard H. Dolan, Jonathan Mazer, and Vitali S. Rosenfeld of counsel), for respondent-appellant.
In a hybrid proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a corporation, and action, among other things, to recover damages for breach of contract, and a related action to recover on promissory notes, which were joined for trial, Avraham Kasab appeals from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated August 3, 2017, (2) an order of the same court dated October 27, 2017, and (3) an order of the same court dated January 5, 2018, and Nissim Kassab cross-appeals from the order dated August 3, 2017. The order dated August 3, 2017, insofar as appealed from, after a nonjury trial, granted the petition for dissolution of Corner 160 Associates, Inc., unless, within 90 days, Avraham Kasab purchased Nissim Kassab's interest in the corporation for a stated sum, and awarded Avraham Kasab only 4.35% and 0% prejudgment interest, respectively, on the promissory notes from their maturity dates. The order dated August 3, 2017, insofar as cross-appealed from, in effect, directed dismissal of Nissim Kassab's breach of contract cause of action, enforced the promissory notes, and awarded Avraham Kasab attorneys' fees in the sum of $25,000 in connection with the action to recover on the promissory notes, with leave to request additional attorneys' fees. The order dated October 27, 2017, insofar as appealed from, denied Avraham Kasab's motion pursuant to CPLR 4404 to modify the order dated August 3, 2017, so as to, among other things, award him additional interest on the promissory notes and modify the purchase terms for Nissim Kassab's interest in the corporation, and granted those branches of Nissim Kassab's cross motion pursuant to CPLR 4404 which were to modify the order dated August 3, 2017, so as to adjust the purchase price for his interest in the corporation to reflect certain shareholder loans, and to limit attorneys' fees to the sums previously awarded. The order dated January 5, 2018, insofar as appealed from, upon dissolution, barred the parties from bidding at the receiver's auction of the real property of Corner 160 Associates, Inc.



DECISION & ORDER
Motion by Nissim Kassab to dismiss portions of the appeals from the orders dated August 3, 2017, and October 27, 2017, as academic. By decision and order on motion of this Court dated June 20, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that Nissim Kassab's motion is denied; and it is further,
ORDERED that the appeal from the order dated January 5, 2018, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal; and it is further,
ORDERED that on the Court's own motion, the notice of appeal and the notice of cross appeal from the order dated August 3, 2017, are deemed to be applications for leave to appeal and cross-appeal, and leave to appeal and cross-appeal are granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated August 3, 2017, is modified, on the law, (1) by deleting the provision thereof awarding Avraham Kasab the principal sum of $355,000, plus 4.35% prejudgment interest from December 31, 2016, and substituting therefor a provision awarding Avraham Kasab the principal sum of $355,000, plus 4.35% interest from August 27, 2012, to August 20, 2014, and 14% prejudgment interest thereafter, and (2) by deleting the provision thereof awarding Avraham Kasab the principal sum of $100,000, plus 0% prejudgment interest from March 25, 2016, and substituting therefor a provision awarding Avraham Kasab the principal sum of $100,000, plus 14% prejudgment interest from August 20, 2014; as so modified, the order dated August 3, 2017, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the appeal from so much of the order dated October 27, 2017, as denied that branch of Avraham Kasab's motion pursuant to CPLR 4404 which was to modify the order dated August 3, 2017, so as to award him additional interest on the promissory notes is dismissed as academic; and it is further,
ORDERED that the order dated October 27, 2017, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of Nissim Kassab's cross motion pursuant to CPLR 4404 which was to modify the order dated August 3, 2017, so as to limit attorneys' fees to the sums previously awarded, and substituting therefor a provision denying that branch of Nissim Kassab's cross motion on the condition that, within 20 days after service upon Avraham Kasab's attorney of a copy of this decision and order, Avraham Kasab shall file an affirmation of services seeking additional attorneys' fees; in the event the condition is not complied with, then that branch of Nissim Kassab's cross motion which was to limit attorneys' fees to the sums previously awarded is granted; as so modified, the order dated October 27, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to Avraham Kasab.
These appeals and cross appeal involve related actions and proceedings between two brothers, Avraham Kasab (hereinafter Avraham) and Nissim Kassab (hereinafter Nissim), related to their interests in Corner 160 Associates, Inc. (hereinafter Corner), and Mall 92-30 Associates, LLC (hereinafter Mall). Avraham held a 75% interest, and Nissim held a 25% interest, in those entities. Together, the entities owned three adjacent, unimproved parcels of land in Queens, upon which the parties operated a parking lot and flea market business.
On August 27, 2012, the parties entered into an agreement that Nissim would receive 40% of the distributions of the net income of Corner and Mall: 25% on account of his interest plus 15% for management services. Contemporaneously with the agreement, Nissim executed two [*2]promissory notes in favor of Avraham: one in the principal sum of $355,000 to cover various loans, with 4.35% interest and a maturity date of December 31, 2016, and one in the principal sum of $100,000, representing Avraham's share of the sale of family property, with 0% interest and a maturity date of March 25, 2016. The pledge agreements associated with the notes permitted Avraham, in his sole discretion, to change the terms of payment.
In 2013, Nissim commenced a hybrid proceeding for judicial dissolution of Corner and Mall, and action, among other things, to recover damages for breach of the August 27, 2012 agreement. The Supreme Court directed dismissal of the cause of action seeking dissolution of Mall, and that determination was affirmed on appeal (see Matter of Kassab v Kasab, 137 AD3d 1135, 1137). Avraham commenced an action to recover on the promissory notes, which was joined for trial with the hybrid action/proceeding. Avraham thereafter modified the maturity dates of the notes to August 20, 2014, and increased the interest rate on each note to 14%.
Following a joint nonjury trial, in an order dated August 3, 2017, the Supreme Court found in favor of Nissim on the cause of action seeking dissolution of Corner unless, within 90 days from the entry of judgment, Avraham purchased Nissim's interest in the corporation for the principal sum of $3,170,173, together with 9% prejudgment interest from May 7, 2013. The court, in effect, directed dismissal of Nissim's cause of action alleging that Avraham breached the August 27, 2012 agreement by failing to pay him distributions. In the promissory notes action, the court enforced the notes according to their original terms, and directed judgment in favor of Avraham for the principal sums due, plus interest of 4.35% and 0%, respectively, from the original maturity dates, and reasonable attorneys' fees of $25,000, with leave to request additional attorneys' fees upon the submission of an affirmation of services.
Avraham thereafter moved, and Nissim cross-moved, pursuant to CPLR 4404 to modify the August 3, 2017 order in numerous respects. In an order dated October 27, 2017, the Supreme Court denied Avraham's motion and granted Nissim's cross motion to the extent of (1) amending the value of Nissim's shares in Corner to $3,338,403, to account for certain shareholder loans, and (2) limiting Avraham's recovery of attorneys' fees in the promissory notes action to the sums previously awarded. Following expiration of the purchase option, in an order dated January 5, 2018, the court dissolved Corner and appointed a receiver to sell the properties and distribute the proceeds. The court included a provision barring the parties from bidding at the receiver's auction.
Avraham appeals, and Nissim cross-appeals, from stated portions of the orders. Nissim moves to dismiss those portions of Avraham's appeals which concern the dissolution of Corner, and the attendant purchase option, as academic, on the ground that Corner's properties were sold at public auction and the proceeds were distributed.
"[T]he power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671). Here, the sale of Corner's real property and the distribution of Corner's assets did not render academic Avraham's challenges to the dissolution of Corner and the attendant purchase option, as this Court could provide relief from dissolution and direct restitution, and could condition such relief on modified purchase terms (see CPLR 5523; Business Corporation Law § 1118; Matter of Nicastro v VJN Real Estate Corp., 175 AD3d 1296, 1296). Although the sale of Corner's real property has rendered the challenged terms of the receiver's sale academic (see 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 768), we dismiss the appeal from the order dated January 5, 2018, on the ground that no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]; Matter of Cassini, 182 AD3d 13, 57), and we decline to grant leave to appeal (see CPLR 5701[c]). Accordingly, we deny Nissim's motion to dismiss, as academic, portions of the appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the [*3]facts, "taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Prof. Park Assoc. v Bedford, 60 NY2d 492, 499 [internal quotation marks omitted]; see Garcia v Garcia, 187 AD3d 859, 862). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Reingold v Bowins, 180 AD3d 722, 723 [internal quotation marks omitted]).
Business Corporation Law § 1104-a permits dissolution of a corporation upon the petition of certain minority shareholders where "those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders," and where "[t]he property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation" (Business Corporation Law § 1104-1[a][1], [2]). "[O]ppressive actions . . . refer to conduct that substantially defeats the 'reasonable expectations' held by minority shareholders in committing their capital to the particular enterprise" (Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 72). In determining whether to proceed with involuntary dissolution, the court shall consider, among other things, "[w]hether liquidation of the corporation is the only feasible means whereby the petitioners may reasonably expect to obtain a fair return on their investment" (Business Corporation Law § 1104-a[b][1]). "Every order of dissolution . . . must be conditioned upon permitting any shareholder of the corporation to elect to purchase the complaining shareholder's stock at fair value" (Matter of Kemp & Beatley [Gardstein], 64 NY2d at 74; see Business Corporation Law § 1118[a]).
Here, the Supreme Court's determinations that Avraham had engaged in oppressive actions and diversion of corporate assets sufficient to warrant dissolution of Corner, and that liquidation of the corporation was the only feasible means whereby Nissim may reasonably expect to obtain a fair return on his investment, were supported by the record and the court's credibility determinations, and will not be disturbed (see Business Corporation Law § 1104-a; Matter of Kemp & Beatley [Gardstein], 64 NY2d at 74). Further, the terms of the purchase option, including the purchase price upon modification, the interest rate, and the 90-day period within which to exercise the option, properly reflected the fair value of Nissim's shares as of the date prior to commencement of the dissolution proceeding, and were reasonable (see Business Corporation Law § 1118[a], [b]; 1104-a; Matter of Pace Photographers [Rosen], 71 NY2d 737, 744-745; Man Choi Chiu v Chiu, 125 AD3d 824, 826; Matter of Davis [Shayne-Levy Assoc.], 174 AD2d 449, 450-451). In the order dated October 27, 2017, the court providently exercised its discretion in declining to consider further appraisals.
Contrary to Nissim's contention, the Supreme Court properly determined that he failed to prove his cause of action alleging that Avraham breached the August 27, 2012 agreement by failing to pay him distributions, since the sums he received in the form of health insurance premiums exceeded 40% of the net income of the companies in the relevant years. Further, even if such a breach had occurred, the court properly enforced the promissory notes (see generally Fundamental Long Term Care Holdings, LLC v Cammeby's Funding LLC, 20 NY3d 438, 445).
However, we agree with Avraham that the Supreme Court erred in determining the proper interest to be awarded on the promissory notes. The notes provided for the accrual of interest at the contract rates of 4.35% and 0%, respectively, from the date of the notes. Thus, the court erred in awarding interest only from the maturity dates of the notes. Further, the court erred in failing to apply the 14% interest rate to the period from August 20, 2014, the accelerated maturity date of the
notes, through entry of judgment.
Contrary to the Supreme Court's determination, counsel for Avraham did not waive the accelerated 14% interest rate at a deposition or at trial. Waiver "'should not be lightly presumed' and must be based on 'a clear manifestation of intent' to relinquish a contractual protection" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgmt., L.P., 7 NY3d 96, 104, quoting Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968; see Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 7 NY3d 458, 465). Counsel's cited comments did not evince a clear intent to waive the increased interest associated with the August 20, 2014 accelerated maturity date of the notes. Nissim contends that, nevertheless, [*4]the court correctly enforced the notes according to their original terms because the acceleration was done in bad faith (see generally Dalton v Educ. Testing Serv., 87 NY2d 384, 389). However, the court made an alternative finding on the merits that Nissim had failed to prove that Avraham accelerated the loans and increased the interest rates in bad faith rather than due to a good faith doubt as to Nissim's creditworthiness and his ability to repay the notes. There is no basis upon which to disturb this finding, which was based primarily on the court's credibility determinations (see generally Reingold v Bowins, 180 AD3d at 723). Accordingly, the court should have awarded 14% interest on the promissory notes from the accelerated maturity date—August 20, 2014—through entry of judgment.
Pursuant to the terms of the notes, Avraham was entitled to recover reasonable attorneys' fees incurred in connection with his enforcement of the notes (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). Therefore, in the order dated August 3, 2017, the Supreme Court properly awarded Avraham a sum of attorneys' fees. However, we agree with Avraham that, in the order dated October 27, 2017, the court improvidently exercised its discretion in limiting him to the $25,000 in attorneys' fees previously awarded, without permitting him a further opportunity to submit an affirmation of services. In the order dated August 3, 2017, the court granted Avraham leave to submit an affirmation of services requesting additional attorneys' fees, without including any time limit for submission of the documentation. The parties thereafter engaged in motion practice to modify the August 3, 2017 order, incurring additional attorneys' fees attributable to enforcement of the notes, and wherein Avraham indicated his continued intent to submit the documentation. Under these circumstances, we conclude that the court should have afforded Avraham a further opportunity to submit the required documentation before precluding him from recovering additional attorneys' fees under the notes. We therefore modify the October 27, 2017 order so as to grant Avraham an additional 20 days from the service of a copy of this decision and order to submit the documentation for possible challenge by Nissim and review by the court (see id. at 691).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court