■ ELMA PENATO, Individually and as Administratrix of the Estate of ROBERT PENATO, Deceased, Appellant, v STEPHEN GEORGE et al., Respondents. — In an action, *inter alia,* for an accounting and to recover damages for tortious interference with contractual rights, plaintiffs appeal (1) as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Baker, J.), entered April 14, 1980, as, after a nonjury trial, is in favor of defendants on the causes of action for an accounting and to recover damages for tortious interference with contractual rights, and (2) from an order of the same court (Hyman, J.), dated March 20, 1980, which granted the motion of defendants Sanford Machine Co., Inc., Textured Products, Inc., and Textured

Realty Products, Inc., to direct the judgment clerk to tax plaintiff for the cost of the trial minutes, which were ordered by the trial court. Appeal from the order dismissed. The order is reviewed upon the appeal from the judgment. (See *Matter of Aho,* 39 NY2d 241, 248.) Judgment modified, on the law and the facts, by (1) deleting those provisions (a) granting judgment in favor of defendants Stephen George and Textured Products, Inc., as against Elma Penato, as administratrix of the estate of Robert Penato, and (b) directing plaintiffs to pay disbursements to the other defendants, and (2) adding a provision that Elma Penato, as administratrix, is entitled to an accounting of the net income, if any, generated by the development of two inventions by defendant Stephen George, viz, "Shedless & Mar-Resistant Flock" and "Cushion-Lock Safety Jacket". As so modified, judgment affirmed insofar as appealed from, the cause of action by Mrs. Penato, as administratrix, against defendants Stephen George and Textured Products, Inc., for an accounting is severed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. The order dated March 20, 1980, is vacated and the motion is denied. Appellant is awarded one bill of costs payable jointly by respondents. Elma Penato commenced this action in 1975 on behalf of herself individually and as administratrix of the estate of her son Robert Penato. The complaint alleged that Mrs. Penato, individually, was entitled to an accounting on the ground that in 1963 she had transferred $5,000 to defendant Stephen George to be used for the development of certain of his inventions. It also alleged that her son's estate was likewise entitled to an accounting in that he and defendant George had entered into certain agreements concerning the decedent's percentage share in the net income produced by the development of these inventions. Mrs. Penato asserted that she had demanded of defendant George an accounting of the income from these inventions, which request was denied. On a prior appeal to this court from an order, *inter alia,* granting defendants' motion to dismiss, this court reversed the order as to the present defendants. *(Penato v George,* 52 AD2d 939, app dsmd 42 NY2d 908.) A nonjury trial was then held, after which a decision was rendered in favor of defendants. Mrs. Penato now appeals. The credible evidence adduced at trial established that Robert Penato was a lifelong friend of Stephen George and had been employed by George in his and his brother's real estate business. Sometime in 1963, Robert Penato gave Stephen George $5,000 and, in a letter dated January 24, 1963, George stated that, in consideration of the $5,000, Robert Penato was to receive 2% of the net income earned by the "Cushion-Lock Record and Jacket" patents and trade-mark. The trial evidence also established that, in a letter addressed to Robert Penato and dated September 7, 1965, Stephen George represented that negotiations for the sale of patent applications for the "Cushion-Lock Safety Jacket" and "Shedless & Mar-Resistant Flock" had been completed and that, by one of the terms of sale, "we will receive a minimum annual guarantee of $15,000." By letter dated March 27, 1969, Stephen George informed Robert Penato that the "Cushion-Lock Jacket" patent had been issued. The evidence also established that in 1965 Stephen George and his brother Thomas formed the defendant corporation Textured Products, Inc., of which they were president and vice-president. Both were aware of the agreements with Robert Penato and formed the said corporation for the purpose of manufacturing Stephen George's inventions. We find that, based on their lifelong friendship, there was a confidential relationship between Robert Penato and Stephen George. Consequently, when Robert Penato invested in George's inventions, a fiduciary relationship resulted, by which George became obligated as trustee of Robert Penato's investment. (See *Marvin v Brooks,* 94 NY 71; see, also, *Schantz v Oakman,* 163 NY 148, 156-157.) This fiduciary relationship was clearly

evidenced by the letter agreements produced at trial. We also find that the corporate defendant Textured Products, Inc., whose officers were aware of these letter agreements, was formed to develop the very inventions embraced by said agreements. Thus, that corporate defendant is likewise obligated to Robert Penato with respect to his investment in these inventions. Mrs. Penato's individual causes of action must fail, however, since she did not establish that she was a party to any of the trust agreements with Stephen George. Furthermore, she failed to prove that any other inventions were covered by these agreements or were included under the investment-trust relationship that Robert Penato had with Stephen George and Textured Products, Inc. Accordingly, an interlocutory judgment must be granted Mrs. Penato, as administratrix of the estate of Robert Penato, establishing her right to an accounting consistent herewith, and with said interlocutory judgment in her favor, the motion to tax plaintiffs for the costs of the trial minutes should be denied. Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.