■ JESSE BONTECOU et al., Respondents, v ROGER A. GOLDMAN et al., Appellants. (And a Third-Party Action.) — In an action to impose a constructive trust on certain real property which defendants allegedly orally agreed to convey to plaintiffs, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Kelly, J.), dated September 29, 1983, as denied those branches of their motion pursuant to CPLR 3212 which sought summary judgment dismissing the plaintiffs' complaint for failure to state a cause of action and upon the ground that enforcement of the oral agreement is barred by the Statute of Frauds. ¶ Order reversed insofar as appealed from, on the law, with costs, those branches of defendants' motion which sought summary judgment upon the grounds of failure to state a cause of action and the Statute of Frauds granted, and complaint dismissed. ¶ On July 1, 1982 defendants purchased two parcels of real property. On or about August 10, 1982 plaintiffs commenced this action to impose a constructive trust on the property for their benefit. According to the facts set forth in plaintiffs' complaint, and not denied by defendants in their answer, prior to defendants' purchase of the property, defendants and plaintiffs, who were social friends, orally agreed that defendants, after acquiring title to the property, would reconvey the property to themselves and plaintiffs, as tenants in common. Plaintiffs also claimed that defendants had induced them to refrain from approaching the sellers with an offer to purchase the property by falsely representing to plaintiffs that the seller had advised defendants that he would not convey title to the plaintiffs. In their answer defendants raised the defenses of the failure to state a cause of action and the Statute of Frauds. Defendants then moved, *inter alia,* for summary judgment dismissing the action upon the grounds that (1) the complaint failed to state a cause of action and there were no triable issues of fact and (2) the plaintiffs' action was barred by the Statute of Frauds. In a supporting affidavit, defendant Roger A. Goldman asserted that plaintiffs' complaint failed to disclose the fact that plaintiffs had previously failed in an attempt to purchase the property from the seller, and further ignored the fact that prior to discussing the matter with plaintiffs, defendants had decided to purchase the property on their own and had been negotiating with the seller for at least one year. In an affidavit in opposition to the motion plaintiffs asserted that there was a confidential relationship between the parties, that defendants would be unjustly enriched if they were allowed to retain the property, and that defendants had refused to accept their tender of one half of the purchase price in order to weaken their claim to the property. ¶ Justice Kelly denied defendants' motion, holding, *inter alia,* that plaintiffs' complaint was legally sufficient to state a cause of action for imposition of a constructive trust, and further, that summary judgment in favor of the defendants was improper because triable issues of fact exist as to (1) whether there was a confidential relationship between the parties, (2) whether defendants made false representations to plaintiffs to induce plaintiffs to refrain from approaching the seller, and (3) whether the defendants induced plaintiffs not to contribute any of the purchase price in order to weaken plaintiffs' claim to the property. ¶ We find that the facts set forth in plaintiffs' complaint are insufficient to establish a cause of action for the imposition of a constructive trust, and that, as a matter of law, enforcement of the oral agreement is barred by the Statute of Frauds (General Obligations Law, § 5-703). Moreover, even if triable issues of fact had indeed been raised in the pleadings, resolution of those factual issues in favor of the plaintiffs would not entitle plaintiffs to the relief sought. ¶ Generally, a constructive trust may

be imposed when property has been acquired under such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest therein (*Sharp v Kosmalski,* 40 NY2d 119, 121; *Scivoletti v Marsala,* 97 AD2d 401, 402, affd 61 NY2d 806; *Ptachewich v Ptachewich,* 96 AD2d 582, 583). Although there is no unyielding formula which limits a court's freedom to fashion this equitable remedy (*Simonds v Simonds,* 45 NY2d 233, 241), absent circumstances which otherwise call for equitable relief (see, e.g., *Latham v Father Divine,* 299 NY 22; *Simonds v Simonds, supra*), there are essential elements which must be shown to establish a constructive trust. These elements are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) breach of the promise, and (5) unjust enrichment (*Scivoletti v Marsala, supra,* p 402; *Sharp v Kosmalski, supra; Matter of Wells,* 36 AD2d 471, 474, affd 29 NY2d 931; cf. *Simonds v Simonds, supra*). At most, the facts at bar merely establish that there was a breach of an oral agreement to convey an interest in the property to plaintiffs. ¶ The parties were social friends with a shared desire to own the property as a buffer against its development. Their relationship was not of a confidential or fiduciary nature, so "pregnant with opportunity for abuse and unfairness" as to require equity to intervene and scrutinize the transaction (*Sharp v Kosmalski,* 40 NY2d 119, 123, *supra*). The absence of a written memorandum of the agreement was not a consequence of their relationship (*Sinclair v Purdy,* 235 NY 245, 253). ¶ In order to establish that there was a transfer in reliance on the promise, it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed, and that this interest was parted with in reliance on the promise (*Scivoletti v Marsala, supra; Matter of Wells, supra;* see, also, *Miller v Merrell,* 53 NY2d 881; *Levy v Brush,* 45 NY 589, 596; *Rizika v Kowalsky,* 207 Misc 254, affd 285 App Div 1009). Plaintiffs had no interest in the property being transferred. ¶ The circumstances surrounding the purchase and retention of the property by defendants do not support plaintiffs' bald assertion that defendants were unjustly enriched. ¶ On appeal plaintiffs have raised the additional argument that enforcement of the agreement was not barred by the Statute of Frauds because they deemed the agreement with defendants to be a joint venture. This theory of recovery did not appear in the complaint and was not addressed in the decision and order denying the motion for summary judgment. Moreover, there is no interpretation of the facts which would support the existence of an agreement in contemplation of an undertaking for profit (see, e.g., *Weisner v Benenson,* 275 App Div 324, 331, affd 300 NY 669; *Ramirez v Goldberg,* 82 AD2d 850, 852; 16 NY Jur 2d, Business Relationships, § 1576 *et seq.*). ¶ We find that the complaint fails to state a cause of action to impose a constructive trust. "The most that can be said * * * is that [the defendants] made a promise which the law [does] not compel [them] to keep, and that afterwards [they] failed to keep it" (*Burns v McCormick,* 233 NY 230, 235). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.