■ AVX Corp., Appellant, v Lorna L. Malanga, Respondent, et al., Defendant.—Order affirmed, with costs. All concur, except Doerr, J., who dissents and votes to reverse and grant plaintiff's motion in the following memorandum.

Doerr, J. (dissenting). In my view, plaintiff has established its right to a constructive trust. Defendant Lorna Malanga concedes that plaintiff loaned $80,000 to her husband, Michael Malanga, a new employee, to enable the Malangas to purchase a home in Portville, New York. This four-month loan was granted because the Malangas had been unable to sell their property in Vermont, and without that cash had no funds to purchase another home. Defendant admits signing the pur-

chase offer, which was made contingent upon obtaining the necessary cash from plaintiff. She also admits that her husband thereafter told her that plaintiff had agreed to the loan. Plaintiff then forwarded a check payable to Michael Malanga for $80,000. Accompanying the check was a promissory note, later returned to plaintiff bearing the signatures of Michael and Lorna, but Lorna now claims that her signature is a forgery. Michael and Lorna took title to the property as tenants by the entirety, and Lorna concedes that the cash used to purchase the home came from plaintiff. Several months later, the Vermont property still had not been sold and plaintiff agreed to extend the loan for a one-year period, but requested that Michael and his wife sign a mortgage and bond. The document was returned bearing the notarized signature of Michael and the unnotarized signature of Lorna. Plaintiff attempted to rectify this defect so as to record the mortgage, but then Michael Malanga died suddenly. Lorna now asserts that her signature is a forgery and that she made no promise to repay plaintiff the $80,000, which she describes as a personal loan to her husband. Michael's estate has no funds to repay the loan, and the mortgage signed by Michael is unenforceable because upon his death the fee vests in defendant, and plaintiff as mortgagee "is left with no interest in the property at all" (V.R.W., Inc. v Klein, 68 NY2d 560, 565).

"Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' (Beatty v Guggenheim Exploration Co., 225 NY 380, 386; 1 Scott, Trusts [3d ed], § 44.2, p 337; 4 Pomeroy's Equity Jurisprudence [5th ed], § 1053, p 119). In the development of the doctrine of constructive trust as a remedy available to courts of equity, the following four requirements were posited: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment [citations omitted]" (Sharp v Kosmalski, 40 NY2d 119, 121). In this case, there was a confidential relationship between plaintiff and Michael Malanga; a promise by him to repay the $80,000 and an implicit promise to see that loan documents were signed before using the money; a transfer of $80,000 in reliance on that promise; and now unjust enrichment to defendant. It is of no moment that there were no dealings between plaintiff and Lorna Malanga, against whose assets the constructive trust is sought to be imposed. This was also the case in Simonds v Simonds (45 NY2d 233 [life insurance

proceeds payable to second wife held subject to constructive trust imposed for the benefit of the first wife because of decedent's breach of promise to the first wife]).

Moreover, these factors are not to be rigidly construed. "Although the factors are useful in many cases, constructive trust doctrine is not rigidly limited * * * 'A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief' " (Simonds v Simonds, supra, pp 241-243, quoting Beatty v Guggenheim Exploration Co., supra, p 389 [Cardozo, J.]; see also, Bontecou v Goldman, 103 AD2d 732, 733). In this case, the equities are clear and the unjust enrichment manifest. Lorna continues to hold title to the house, including an escrow account of some $40,000 reflecting a sum paid by a purchaser who defaulted on the purchase-money mortgage. The current value of the home plus this sum are more than adequate to repay plaintiff, and in my view equity demands that defendant do so. (Appeal from order of Supreme Court, Cattaraugus County, Feeman, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.