■ ANGEL PRADO, Respondent, v RALPH DE LATORRE et al., Appellants. [599 NYS2d 124] —In an action to impose a constructive trust on certain real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Hyman, J.H.O), dated August 8, 1990, which, after a nonjury trial, imposed a constructive trust on the subject property and ordered the defendants to execute a deed transferring their interest in the subject property to the plaintiff.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

In the early 1980's, the plaintiff, a doctor, met the defendant Ralph De Latorre, who managed a restaurant where the

plaintiff frequently dined. The parties discussed going into the restaurant business together. In 1984, the plaintiff learned that a colleague was interested in selling his half-interest in a small apartment building. The plaintiff talked to De Latorre about purchasing the interest together as an investment. However, De Latorre allegedly had no money. According to the plaintiff, he paid for the property himself, but did so through De Latorre. The plaintiff claimed that he gave De Latorre several checks and $5,000 in cash so that De Latorre could obtain title of the property in his own name, thereby enabling him "to enhance his financial statement", which would help him go into the restaurant business. Their understanding, as alleged by the plaintiff, was that De Latorre would convey the interest in the property to plaintiff upon his request. Yet the deed by its terms transferred the interest to De Latorre and there was no writing prepared indicating any agreement between De Latorre and the plaintiff with respect thereto.

The parties subsequently opened a restaurant together in New Jersey, but that business was unsuccessful. After the restaurant business failed, the plaintiff asked De Latorre to convey the real estate interest to him, but De Latorre refused, and subsequently conveyed that interest to his wife, the codefendant. The plaintiff then brought the instant action. After a bench trial, the court imposed a constructive trust in favor of the plaintiff. We reverse.

The plaintiff concedes that there was no writing between the parties that would satisfy the Statute of Frauds (see, General Obligations Law § 5-703). Therefore, he was precluded from seeking damages for breach of contract. With respect to his constructive trust theory, the plaintiff failed to prove the requisite elements. He did not produce the canceled checks he allegedly used to acquire the real estate interest. Nor did any witnesses with personal knowledge of the transaction testify that the plaintiff paid the purchase price. Weighing the evidence, we conclude that unjust enrichment was not established. Further, contrary to the plaintiff's contention, a confidential relationship was not demonstrated merely by evidence of a friendship between the parties (see, Mandel v Hewitt, 161 AD2d 849; Bontecou v Goldman, 103 AD2d 732). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.