■ CAROLE BYRD, Appellant, v LILA BROWN, Respondent, et al., Defendants. [617 NYS2d 192] —In an action for the partition and sale of real property pursuant to RPAPL article 9, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), entered November 18, 1992, which granted the motion of the defendant Lila Brown for summary judgment dismissing the complaint insofar as asserted against her and declaring her to be the sole owner in fee simple of the subject property.

Ordered that the order is affirmed, with costs.

The court properly imposed a constructive trust on the subject property in favor of the respondent in this case. It is well settled that the four factors necessary to impose a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer in reliance on

that promise; and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121). Generally, evidence of a friendship, without more, between the plaintiff's decedent and the respondent would be insufficient to demonstrate the existence of a confidential relationship between them *(see, Prado v De Latorre,* 194 AD2d 656, 657; *Bontecou v Goldman,* 103 AD2d 732; *cf., Penato v George,* 82 AD2d 877). However, the four factors are not an "unyielding formula which limits a court's freedom to fashion this equitable remedy" and the requirements are not to be rigidly applied *(Bontecou v Goldman, supra,* at 733; *see, Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939; *Simonds v Simonds,* 45 NY2d 233, 241). Rather, "[a] constructive trust will be erected whenever necessary to satisfy the demands of justice" *(Latham v Divine,* 299 NY 22, 26-27; *see, Simonds v Simonds, supra).*

In the present case, the respondent overwhelmingly established that she paid all costs related to the purchase of the subject property, that she made all mortgage payments on the property, and that she paid all expenses related to the repair and maintenance of the property. Further, there was evidence that the plaintiff's decedent's name was placed on the deed to the subject property as a convenience to the respondent, and the respondent submitted affidavits of disinterested witnesses stating that the plaintiff's decedent had stated that he would take his name off the deed to the property. The plaintiff, on the other hand, submitted no evidence that her decedent contributed anything towards the purchase or maintenance of the property, or that he made any mortgage payments. Indeed, she could merely speculate that her decedent must have contributed to the purchase of the property based on the large amount of cash found in a safety deposit box owned by her decedent when he died.

While certain portions of the respondent's affidavits submitted in support of her motion for summary judgment were excludable under CPLR 4519, the so-called Deadman's Statute, and therefore, should not have been used to support her motion for summary judgment *(see, Phillips v Kantor & Co.,* 31 NY2d 307, 313), any error in doing so was harmless in light of the respondent's otherwise properly admitted evidence *(see, Matter of Wieczorek,* 186 AD2d 204). Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.