RICHARD COPLAND et al., Appellants, v GENE SUMM et al., Respondents. [644 NYS2d 59]

The defendant Gene Summ is the owner of a season ticket subscription to four courtside seats to New York Knickerbockers basketball games at Madison Square Garden. The plaintiff Richard Copland, an attorney, and the plaintiff Joel Taman, a business associate of the defendant Summ, have for many seasons been beneficiaries of Summ's generosity insofar as they, and several others over the years, have regularly been permitted to purchase, at face value, a significant number of his very desirable tickets. The parties' informal arrangement apparently functioned smoothly until the Knicks reached the playoffs in 1994, when a dispute arose over playoff tickets. Evidently, as a result of that dispute, the defendant Summ declined to make any more of his tickets available to the plaintiffs.

The plaintiffs thus commenced this action alleging that Summ had breached a contract, and/or a partnership agreement, and/or fiduciary obligations, to continue to make his tickets available to the plaintiffs. They also sought the imposition of a constructive trust and a preliminary injunction, including the appointment of a receiver to apportion and distribute the tickets to the parties in accordance with their alleged agreement. The Supreme Court dismissed the partnership and contract claims, denied the motion for a preliminary injunction and awarded the defendants summary judgment dismissing the claim for imposition of a constructive trust.

On this appeal, the plaintiffs contend only that the Supreme Court erred in awarding the defendants summary judgment dismissing their third cause of action seeking the imposition of a constructive trust. However, the plaintiffs' contentions are wholly without merit. Indeed, the plaintiffs have failed to demonstrate the existence of *any* of the elements of a constructive

trust (see, 106 NY Jur 2d, Trusts, §§ 156-162). The defendant Summ effectively granted the plaintiffs a revocable license to share in his excess basketball tickets at his pleasure. Clearly, there was no confidential or fiduciary relationship "so 'pregnant with opportunity for abuse and unfairness' as to require equity to intervene and scrutinize the transaction" (Bontecou v Goldman, 103 AD2d 732, 733, quoting Sharp v Kosmalski, 40 NY2d 119, 123). Summ made no promise, express or implied, to continue offering his tickets to the plaintiffs ad infinitum. Moreover, other than paying face value for each season's apportionment of tickets, the plaintiffs transferred no property to Summ, and clearly no transfer was made in reliance upon any promise that tickets would be made available to them ad infinitum (see, Martin v Martin, 169 AD2d 821). Finally, the plaintiffs have completely failed to demonstrate how Summ would be unjustly enriched by retaining exclusive ownership and control of his tickets. Accordingly, the Supreme Court correctly awarded the defendants, inter alia, summary judgment dismissing the plaintiffs' third cause of action seeking imposition of a constructive trust. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.