■ I. LAWRENCE BRAND, Respondent, v SAUL LIPTON, Defendant, and NORMAN DONNENFELD, Appellant. (Action No. 1.) SAUL LIPTON, Respondent, v M. NORMAN DONNENFELD, Appellant. (Action No. 2.) [711 NYS2d 486] —In two related actions, inter alia, to impose a constructive trust upon certain New York Jets season tickets, the defendant Norman Donnenfeld appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated November 4, 1999, as denied those branches of his motion which were to dismiss the first, second, third, and fifth causes of action of the complaint in Action No. 1, and the complaint in Action No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Saul Lipton.

This case concerns a dispute between life-long friends over rights to prime season tickets to New York Jets football games. For more than 30 years Saul Lipton had purchased eight

tickets under one account number. He kept two tickets for himself, and turned the tickets for the same two seats over to each of three friends, I. Lawrence Brand and Norman Donnenfeld being two of them. Brand and Donnenfeld paid face value for the tickets. In 1995, Lipton, who was then involved in a divorce and was planning to move to Florida, transferred the account to Donnenfeld's name. In 1997 Lipton and Brand asked that their tickets be transferred to their own names, but Donnenfeld refused, and sold the 1999 tickets to third parties. Brand commenced an action against Lipton and Donnenfeld and Lipton commenced a separate action against Donnenfeld. Donnenfeld moved to dismiss all causes of action against him (*see,* CPLR 3211 [a] [5], [7]).

The Supreme Court properly denied those branches of Donnenfeld's motion which were to dismiss the causes of action to impose a constructive trust upon the tickets. Affording every favorable inference to their allegations (*see, Held v Kaufman,* 91 NY2d 425; *Cron v Hargro Fabrics,* 91 NY2d 362), the plaintiffs have stated a cause of action for the imposition of a constructive trust (*see, Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119; *Bontecou v Goldman,* 103 AD2d 732). The plaintiffs have shown that there was a confidential relationship between Lipton and Donnenfeld "so 'pregnant with opportunity for abuse and unfairness' as to require equity to intervene and scrutinize the transaction" (*Bontecou v Goldman, supra,* at 733, quoting *Sharp v Kosmalski,* 40 NY2d 119, 123, *supra*). It was alleged that Donnenfeld agreed to act as "constructive trustee" of and to administer the tickets as Lipton had done or to reconvey the tickets to their equitable owners. It was further alleged that Lipton made the transfer to Donnenfeld in reliance on that promise, that Donnenfeld breached his promise, and that, if a constructive trust is not imposed and Donnenfeld is permitted to retain all eight tickets for his own use, he will be unjustly enriched (*see, Bontecou v Goldman, supra; compare, Copland v Summ,* 228 AD2d 409). Donnenfeld's denials and allegations to the contrary merely create issues of fact and are insufficient to warrant dismissal of the plaintiffs' claims.

Contrary to Donnenfeld's contention, Lipton's causes of action to recover damages for breach of contract are not barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) since the alleged promise to reconvey the tickets to their equitable owners could have been performed within one year. The Statute of Frauds bars only those contracts which, by their terms " 'have absolutely no possibility in fact * * * of full per-

formance within one year' " (*Cron v Hargro Fabrics,* 91 NY2d 362, 366, *supra,* quoting *D&N Boening v Kirsch Beverages,* 63 NY2d 449, 454). Since there are viable contract claims, there is no basis to dismiss Lipton's cause of action for rescission.

Donnenfeld's remaining contentions are without merit. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.