■ I. LAWRENCE BRAND, Respondent, v SAUL LIPTON, Defendant, and NORMAN DONNENFELD, Appellant. (Action No. 1.) SAUL LIPTON, Respondent, v NORMAN DONNENFELD, Appellant. (Action No. 2.) [734 NYS2d 567] —In two related actions, *inter alia*, to impose a constructive trust upon certain New York Jets season tickets, the defendant Norman Donnenfeld appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated January 8, 2001, which denied his motion for sum-

mary judgment dismissing the complaint in Action No. 1, and (2) an order of the same court, dated January 25, 2001, which, *inter alia*, denied his motion for summary judgment dismissing the complaint in Action No. 2.

Ordered that the orders are affirmed, without costs or disbursements.

Upon granting leave to the defendant Norman Donnenfeld to amend his answer in Action No. 2 to assert three additional affirmative defenses, the Supreme Court denied his motions for summary judgment dismissing the complaints in both actions. The Supreme Court properly denied summary judgment since the record presents issues of fact which could not be resolved on these motions (*see,* CPLR 3212 [b]).

The appellant's arguments regarding, *inter alia*, his defenses of unclean hands, lack of confidential or fiduciary relationship, and the Statute of Frauds, were addressed on his prior appeal from the denial of his motions to dismiss the complaints (*see, Brand v Lipton,* 274 AD2d 534). Contrary to the appellant's contention, the discovery conducted after the decision and order of this Court was issued did not resolve factual questions so as to warrant summary judgment in his favor.

One of the appellant's newly-asserted defenses is that the plaintiff in Action No. 2, Saul Lipton, lacks capacity to maintain that action because he failed to include the subject New York Jets season tickets, or his claim to them, in his bankruptcy proceeding (*see, Dynamics Corp. v Marine Midland Bank-N. Y.,* 69 NY2d 191; *Coogan v Ed's Bargain Buggy Corp.,* 279 AD2d 445). However, as observed by the Supreme Court, there are questions of law and fact as to whether, under New York law, these tickets constitute "property" for the purposes of a debtor's bankruptcy estate (*see, In re I.D. Craig Serv. Corp.,* 138 Bankr 490; *compare, In re Harrell,* 73 F3d 218; *In re Liebman,* 208 Bankr 38). Furthermore, at the time the Supreme Court decided the motions for summary judgment, Lipton had not yet served a reply to this new affirmative defense. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.