■ WHITMAN REALTY GROUP, INC., Appellant, v TONY GALANO, Respondent. [838 NYS2d 585]—

In an action, inter alia, to recover damages for conversion, unjust enrichment, and quantum meruit, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff entered into an exclusive real estate brokerage agreement with the corporate owner of certain real property located in East Moriches (hereinafter the subject property) to sell the property, whereby the plaintiff, upon the sale, was entitled to a percentage of the purchase price as a commission. The plaintiff, a licensed real estate brokerage firm, and the defendant, a licensed real estate broker associated with the plaintiff and the listing agent for the sale of the subject property, had a separate oral agreement whereby the defendant would receive 50% of the commission. The plaintiff and the defendant eventually terminated their relationship. Subsequent thereto, the owner of the subject property entered into a contract of sale. After many months of negotiations, including a termination and reinstatement of the contract of sale with amendments, the subject property was sold. At some point after the sale, the defendant received a payment of $70,000 from the owner's principal, Charles Vigliotti, which the defendant denies was a

commission. The plaintiff commenced this action against the defendant to recover damages for conversion, unjust enrichment, quantum meruit, fraud, breach of fiduciary duty, and tortious interference with contract. By order dated September 11, 2003, the Supreme Court, Suffolk County (Costello, J.), inter alia, upon renewal, granted those branches of the defendant's motion which were to dismiss the causes of action to recover damages for fraud and breach of fiduciary duty pursuant to CPLR 3211 (a) (7). Discovery proceeded on the remaining causes of action after which the defendant moved for summary judgment dismissing the complaint.

The Supreme Court properly determined that the defendant satisfied his burden on the motion by establishing his prima facie entitlement to judgment as a matter of law (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). The Supreme Court also properly determined that the plaintiff failed to raise triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Regarding the conversion cause of action, the defendant established that Vigliotti paid him $70,000 after the subject property was sold. Vigliotti's unrefuted testimony was that the payment to the defendant was not the plaintiff's commission because he had been advised by his attorney that no commission was owed. The plaintiff failed to come forward with evidentiary facts showing that it had legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights (*see Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454-455 [2003]). The plaintiff did not raise a triable issue of fact with respect to its cause of action to recover damages for conversion because, at best, it showed only a contractual right to payment where it never had ownership, possession, or control of the disputed monies (*see Castaldi v 39 Winfield Assoc.*, 30 AD3d 458 [2006]; *Soviero v Carroll Group Intl., Inc.*, 27 AD3d 276, 277 [2006]; *Interstate Adjusters v First Fid. Bank, N.J.*, 251 AD2d 232, 234 [1998]).

Regarding the cause of action alleging unjust enrichment, the defendant established, prima facie, its entitlement to summary judgment by showing that there was a valid contract between the plaintiff and the owner of the subject property, and that the plaintiff and the defendant had an oral agreement whereby the defendant would receive 50% of the commission from the sale of the subject property. To prevail on a claim of unjust enrich-

ment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution (*see Kaye v Grossman*, 202 F3d 611, 615-616 [2000]; *City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906 [1999]). Recovery for unjust enrichment is barred by a valid and enforceable contract (*see Samiento v World Yacht Inc.*, 38 AD3d 328, 329 [2007]; *Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355 [2006]; *Stark v City of New York*, 31 AD3d 530, 531 [2006]). In opposition to the defendant's prima facie showing, the plaintiff failed to proffer any evidence that the payment to the defendant was at the plaintiff's expense, and as such, its cause of action for unjust enrichment must fail. The plaintiff's remedy under such circumstances would be to look to the owner of the subject property for recovery for breach of the brokerage agreement and/or to the defendant for breach of the oral agreement (*see Fountoukis v Geringer*, 33 AD3d 756, 757 [2006]; *Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). Because a valid and enforceable contract existed which governed the relationship between the parties and there was no evidence of a promise, express or implied, that the defendant was to pay the plaintiff for services performed, the Supreme Court also properly determined that the plaintiff failed to raise a triable issue of fact as to the quantum meruit claim (*see Ross v De-Lorenzo*, 28 AD3d 631, 635-636 [2006]; *Steven Fine Assoc. v Serota*, 273 AD2d 375, 376 [2000]).

Finally, the defendant was properly granted summary judgment dismissing the cause of action alleging tortious interference with contract. While it was undisputed that a valid contract existed between the plaintiff and the owner of the subject property, and that the defendant had knowledge of it, the plaintiff failed to proffer any evidence, in response to the defendant's prima facie showing, that the defendant intentionally procured a breach of the contract (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]).

The plaintiff's remaining contentions are without merit or have been rendered academic by our determination. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.