ZENDLER CONSTRUCTION Co., INC., Respondent, v FIRST ADJUSTMENT GROUP, INC., Formerly Known as ATLANTIC ADJUSTMENT CORP., et al., Appellants, et al., Defendants. [873 NYS2d 134]—

In an action, inter alia, to recover unpaid fees for services based on an account stated and for conversion, the defendants First Adjustment Group, Inc., formerly known as Atlantic Adjustment Corp., Frank M. Siringo, also known as Frank Siringo, Beltrani & Smiarowski Associates, LLC, John Beltrani, and Adam Smiarowski appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County

(Rebolini, J.), dated October 1, 2007, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellants' cross motion which were for summary judgment dismissing the cause of action alleging conversion and any claims asserted against the individual appellants Frank M. Siringo, also known as Frank Siringo, John Beltrani, and Adam Smiarowski, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a company which prepares real property damage estimates for public adjusters, brought this action against two public adjusting corporations, First Adjustment Group, Inc., formerly known as Atlantic Adjustment Corp. (hereinafter First Adjustment), and Beltrani & Smiarowski (hereinafter B&S), and certain named officers of those corporations, to recover unpaid fees for services based upon an account stated and conversion. The appellants sought, inter alia, summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the cause of action sounding in conversion, the claims against the individual appellants, and the claims against First Adjustment should be dismissed because the appellants were not liable for the debts of a dissolved corporation, Atlantic Adjustment Corp. The Supreme Court denied summary judgment to First Adjustment on the ground that it failed to establish, as a matter of law, that it was not liable for the debts of Atlantic, which was listed as a "member" company on its letterhead. The Supreme Court refused to dismiss the claims against the individual appellants, on the ground that the complaint sounded in conversion as well as breach of contract. We modify.

A cause of action alleging conversion of funds must allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant[s] exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (*Selinger Enters., Inc. v Cassuto*, 50 AD3d 766, 768 [2008], quoting *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592 [2007]; *see generally Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283, 288-289 [2007]). "The mere right to payment cannot be the basis for a cause of action alleging conversion" (*Selinger Enters., Inc. v Cassuto*, 50 AD3d at 768; *see Whitman Realty Group, Inc.*, 41 AD3d at 592). The appellants established, as a matter of law, that the plaintiff did not

have an immediate right of possession of the funds it claimed, and the plaintiff's claim was, in fact, for payment for services provided (*see Whitman Realty Group, Inc.*, 41 AD3d at 592). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, summary judgment dismissing the cause of action sounding in conversion should have been granted.

Further, since the plaintiff's causes of action sound in breach of contract and not in tort, and there is no basis in the record to pierce the corporate veil (*see Matter of Goldman v Chapman*, 44 AD3d 938 [2007]), the Supreme Court should have dismissed the claims asserted against the individual appellants.

The appellants' remaining contentions are without merit. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.