*930 In a probate proceeding in which Debra Harold, Glenn Harold, Michael Harold, and Patricia Harold petitioned to impose a constructive trust on certain funds, Michele Holbrook, individually and as executor of the estate of Jo Ann Harold, appeals, as limited by her brief, from so much of an order of the Surrogate’s Court, Nassau County (McCarty III, S.), dated March 6, 2012, as denied her cross motion for summary judgment dismissing the petition and to impose sanctions upon Patricia Harold.
Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.
Jo Ann Harold (hereinafter the decedent), was the second wife of James Harold (hereinafter James). Debra Harold, Glenn Harold, Michael Harold, and Patricia Harold (hereinafter collectively the petitioners) are the four children of James from his prior marriage to Rita Harold (hereinafter Rita), who died on January 6, 1996. The appellant, Michele Holbrook, is the daughter of the decedent from a prior marriage, the executor of the decedent’s estate, and the beneficiary of the decedent’s Oppenheimer Funds IRA, which is the subject of this proceeding.
Upon Rita’s death, her IRA account was transferred to James as the designated beneficiary. On February 26, 1996, James rolled that IRA over into the Oppenheimer Funds IRA, naming the petitioners as the beneficiaries. James and the decedent married in December 1997. In January 1998, James named the decedent as the beneficiary of his MassMutual IRA. Subsequently, on March 13, 2006, James executed a change of beneficiary form by which he changed the beneficiary of his Oppenheimer Funds IRA from the petitioners to the decedent.
James died on December 11, 2008. The Oppenheimer Funds IRA passed to the decedent as beneficiary. The decedent died on July 5, 2009, seven months after James’s death, and the Oppenheimer Funds IRA passed to Holbrook.
On February 12, 2010, the petitioners filed a claim against the decedent’s estate, alleging that the decedent unduly influenced and fraudulently induced James to change the beneficiary of the Oppenheimer Funds IRA. The petitioners alleged that James and the decedent entered into an agreement whereby James agreed to change the beneficiary of the Oppenheimer Funds IRA to the decedent and the decedent agreed to sign a consent form authorizing James to change the beneficiary of the MassMutual IRA from her to the petitioners. James submitted the change of beneficiary form for the Oppenheimer *931 Funds IRA, but the decedent refused to sign the MassMutual consent form.
After the claim was rejected, the petitioners commenced this proceeding seeking to impose a constructive trust in their favor on the proceeds of the Oppenheimer Funds IRA. The petitioners moved for summary judgment on the petition. Holbrook cross-moved for summary judgment dismissing the petition seeking to impose a constructive trust, and to impose sanctions upon Patricia Harold, who appeared pro se and as counsel for the other petitioners. The Surrogate’s Court denied the motion and the cross motion, and Holbrook appeals.
The Surrogate’s Court properly denied the cross motion. “ ‘The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party’ ” (Markell v Markell, 91 AD3d 832, 834 [2012], quoting Skrodelis v Norbergs, 272 AD2d 316, 316 [2000]). While Holbrook has been prejudiced in her defense by the death of the decedent, in view of the short time period between James’s death and the decedent’s unexpected death seven months later, the petition seeking to impose a constructive trust is not barred by the doctrine of laches.
Further, the petition seeking to impose a constructive trust adequately states a cause of action to impose a constructive trust on the proceeds of the Oppenheimer Funds IRA. “The usual elements of a constructive trust are ‘(1) a confidential or fiduciary relationship], (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment’ ” (Cruz v McAneney, 31 AD3d 54, 59 [2006], quoting Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; see Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691 [2012]; Byrd v Brown, 208 AD2d 582, 582-583 [1994]). However, these factors “are not an ‘unyielding formula which limits a court’s freedom to fashion this equitable remedy’ and the requirements are not to be rigidly applied” (Byrd v Brown, 208 AD2d at 583, quoting Bontecou v Goldman, 103 AD2d 732, 733 [1984]; see Simonds v Simonds, 45 NY2d 233, 241 [1978]). Thus, a constructive trust “will be erected whenever necessary to satisfy the demands of justice” (Latham v Father Divine, 299 NY 22, 27 [1949]).
Here, the marital relationship between James and the decedent provides the necessary confidential relationship (see Brazil v Brazil, 235 AD2d 611, 614 [1997]; Jacobs v Abramoff, 148 AD2d 497, 498 [1989]). The petitioners have sufficiently alleged a promise by the decedent, a change in beneficiary of the Oppenheimer Funds IRA to the decedent in reliance upon that *932 promise, and the decedent’s, and then Holbrook’s, unjust enrichment therefrom. Contrary to Holbrook’s contention, the petitioners possessed a sufficient interest as the previously designated beneficiaries of the Oppenheimer Funds IRA to seek to impose a constructive trust on the proceeds (see Oakes v Muka, 69 AD3d 1139 [2010]).
Insofar as the cross motion sought summary judgment on the merits, even assuming that Holbrook met her prima facie burden (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), the petitioners raised a triable issue of fact sufficient to withstand summary judgment by submitting the affidavit of Raymond Donnelly, James’s financial planner since 1996 until his death, in which Donnelly avers knowledge of an oral agreement between James and the decedent based, in part, upon the decedent’s acknowledgment thereof in Donnelly’s presence. “It is not the court’s function on a motion for summary judgment to assess credibility” (Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; see Silva v FC Beekman Assoc., LLC, 92 AD3d 754, 756 [2012]).
The Surrogate’s Court providently exercised its discretion in declining to impose sanctions upon Patricia Harold, as Holbrook failed to demonstrate that Patricia Harold’s conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (see Merkos L’Inyonei Chinuch, Inc. v Sharf, 84 AD3d 1185, 1187 [2011]; Kaplon-Belo Assoc., Inc. v D’Angelo, 79 AD3d 931, 931 [2010]).
Holbrook’s remaining contention is without merit. Austin, J.R, Sgroi, Cohen and Hinds-Radix, JJ., concur.