Reingold v Bowins (2020 NY Slip Op 00886)





Reingold v Bowins


2020 NY Slip Op 00886


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-10745
 (Index No. 24800/02)

[*1]G. Steven Reingold, respondent, 
v
Barbara Bowins, etc., appellant.


Eric M. Cahalan, P.C., Huntington, NY, for appellant.
Ivars Berzins, P.C., Babylon, NY, for respondent.



DECISION & ORDER
In an action to impose a constructive trust and recover damages for unjust enrichment, the defendant appeals from a judgment of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated July 14, 2016. The judgment is in favor of the plaintiff and against the defendant in the principal sum of $107,662.15, and imposed a constructive trust on certain funds held in escrow.
ORDERED that the judgment is affirmed, with costs.
In 1985, the plaintiff purchased residential property in Greenlawn (hereinafter the Greenlawn property), and allowed the defendant, who is his sister, to live in the residence on the property. In 1990, the defendant purchased residential property located in Ronkonkoma (hereinafter the Ronkonkoma property), and allowed the plaintiff to live in the residence on the property. Subsequently, in 1994, the defendant commenced an action against the plaintiff for the imposition of a constructive trust against the Greenlawn property. The defendant was granted a default judgment against the plaintiff after he failed to appear in that action, and after an inquest, a judgment was entered granting the defendant title to the Greenlawn property.
In 2002, the plaintiff commenced this action against the defendant seeking the imposition of a constructive trust on the Ronkonkoma property and damages for unjust enrichment, after the defendant refused to transfer title of the Ronkonkoma property to the plaintiff. The plaintiff alleged that the parties had previously entered into an agreement that the defendant would transfer title to the Ronkonkoma property to the plaintiff, and the plaintiff would transfer title to the Greenlawn property to the defendant. However, the defendant had obtained title to the Greenlawn property through the judgment in the constructive trust action, and now retained title to both properties. During the pendency of this action, the Ronkonkoma property was sold and a portion of the proceeds were placed in escrow. The case proceeded to a nonjury trial, and the Supreme Court found in favor of the plaintiff, awarded the plaintiff damages in the principal sum of $107,662.15, and imposed a constructive trust on all proceeds from the sale of the Ronkonkoma property that were being held in escrow. The defendant appeals.
In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing and [*2]hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Schulman Family Enters. v Schulman, 167 AD3d 959, 960; K.A.M.M. Group, LLC v 161 Lafayette Realty, Inc., 153 AD3d 799, 799). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see Annan v New York State Off. of Mental Health, 165 AD3d 1020, 1021-1022).
Here, the Supreme Court's determination that the defendant was unjustly enriched by obtaining title to both properties was warranted by the facts presented at trial. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Goel v Ramachandran, 111 AD3d 783, 791 [internal quotation marks omitted]). A bare legal conclusion that it is against equity and good conscience to retain an unidentified benefit is insufficient to adequately allege that an asserted enrichment was unjust (see Swartz v Swartz, 145 AD3d 818, 830; Goel v Ramachandran, 111 AD3d at 791-792). The evidence adduced at trial demonstrated that, although the Ronkonkoma property was titled in the defendant's name, the plaintiff expended money in order to purchase the property, and towards its carrying charges and improvements throughout the years, in reliance upon the agreement between the parties that title to the Ronkonkoma property would eventually be transferred to the plaintiff. The evidence further demonstrated that the defendant breached her promise to transfer the Ronkonkoma property to the plaintiff, and unjustly secured for herself all of the equity gained in the property since its purchase.
The Supreme Court's determination to impose a constructive trust on all proceeds from the sale of the Ronkonkoma property that were being held in escrow also was warranted by the facts. Generally, a constructive trust may be imposed when property has been acquired under such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest therein (see Sharp v Kosmalski, 40 NY2d 119, 121; Bontecou v Goldman, 103 AD2d 732, 732-733; Scivoletti v Marsala, 97 AD2d 401, 402, affd 61 NY2d 806). Although there is no unyielding formula which limits a court's freedom to fashion this equitable remedy (see Simonds v Simonds, 45 NY2d 233, 241; Bontecou v Goldman, 103 AD2d 732), absent circumstances which otherwise call for equitable relief (see e.g. Simonds v Simonds, 45 NY2d at 241; Latham v Father Divine, 299 NY 22), there are essential elements which must be shown to establish a constructive trust, including: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) breach of the promise, and (5) unjust enrichment (see Sharp v Kosmalski, 40 NY2d at 121; Bontecou v Goldman, 103 AD2d 732; Scivoletti v Marsala, 97 AD2d 401). Here, the evidence adduced at trial established the necessary elements for the imposition of a constructive trust.
The defendant's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court