■ JOHN L. EDMONDS, Respondent, v AMNEWS CORPORATION et al., Appellants. [638 NYS2d 85] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 16, 1995, which, *inter alia*, denied defendants' motion for an immediate valuation pursuant to Business Corporation Law § 1118 (a) and granted plaintiff's cross-motion to amend his complaint, unanimously modified, on the law, to the extent of granting defendants' motion for an immediate valuation of the corporation pursuant to Business Corporation Law § 1118 (a) and directing that the valuation proceeding proceed forthwith in the IAS Part in which plaintiff's non-dissolution claims are presently pending. As so modified, the order is otherwise affirmed, without costs.

Just as it would be unfair to preclude a plaintiff shareholder from pursuing a derivative action, alleging corporate waste and diversion of corporate assets for non-corporate purposes, by staying such action while permitting the alleged wrongdoers in control of the corporation to use the election available to them pursuant to Business Corporation Law § 1118 to purchase all of the shareholder's shares at fair value, thereby divesting the shareholder of standing, such derivative or non-dissolution claims should likewise be no impediment to defendants exercising their statutory buy-out option. Both the non-dissolution claims and the valuation proceeding are inextricably intertwined and should, as conceded by defendants in their reply brief, proceed in tandem before the same court where resolution of the non-dissolution claims may affect defendants' rights under section 1118 (b), including, *inter alia*, the "fair value" to be determined (*see, Slade v Endervelt*, 174 AD2d 389; *see also, Matter of Cristo Bros.*, 64 NY2d 975).

We have considered defendants-appellants' other point and find it unpersuasive. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.