In the Matter of FLUSHING OFFICE CENTER, LTD. CHONG H. HONG et al., Appellants; YOUNG DAE KWON et al., Respondents. [714 NYS2d 908] —In a proceeding pursuant to Business Corporation Law § 1104-a, *inter alia,* for the judicial dissolution of Flushing Office Center, Ltd., a domestic corporation, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated September 17, 1999, as granted the respondents' motion for leave to elect to purchase the minority interest of the petitioners in Flushing Office Center, Ltd., pursuant to Business Corporation Law § 1118.

Ordered the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioners' contention, the Supreme Court providently exercised its discretion in granting the respondents' motion for leave to elect to purchase the minority interest of

the petitioners in Flushing Office Center, Ltd., pursuant to Business Corporation Law § 1118, even though that motion was made more than 90 days after the date of the filing of the petition (*see,* Business Corporation Law § 1118 [a]; *Matter of Vetco, Inc.,* 260 AD2d 642). In doing so, the Supreme Court properly determined that the petitioners' rights to the fair value of their shares in the corporation shall be preserved by the appointment of an independent Referee whose responsibility will be to report to the Supreme Court as to the amount of such fair value (*see,* Business Corporation Law § 1118 [b]; § 1104-a [d]; *see, Matter of Pace Photographers,* 71 NY2d 737; *Matter of Vetco, Inc., supra*). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.