■ GHAZI QADAN, Individually and as Shareholder of FURNITURE A2Z, INC. and Another, Suing on Behalf of Himself and in the Right of FURNITURE A2Z, INC. and Another, Respondent, v NOUMEIR TEHSELDAR et al., Appellants. [32 NYS3d 285]—

In a hybrid action, inter alia, to recover damages for waste of corporate assets and, in effect, proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of the defendants Furniture A2Z, Inc., and Furniture 123, Inc., the defendants appeal from a judgment of the Supreme Court, Richmond County (Straniere, J.), entered April 15, 2014, which, upon a decision of the same court dated March 13, 2014, made after a nonjury trial, finding that the plaintiff was entitled to receive the sum of $44,638.71 for his share of the defendants Furniture A2Z, Inc., and Furniture 123, Inc., and an award of attorney's fees, is in favor of the plaintiff and against them, jointly and severally, in the principal sum of $78,417.56.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof which is in favor of the plaintiff and against the defendants Noumeir Tehseldar and Ihab Tartir, and substituting therefor a provision which is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants, and (2) by deleting the provision thereof awarding the plaintiff attorney's fees in the sum of $33,778.85; as so modified, the judgment is affirmed, without costs or disbursements.

Business Corporation Law § 1104-a empowers a holder of

20% or more of the stock of a closely held corporation, like the plaintiff here, to seek dissolution of the corporation on the ground that those in control have committed "oppressive actions toward the complaining shareholders" (Business Corporation Law § 1104-a [a] [1]; *see Matter of Penepent Corp.*, 96 NY2d 186, 191 [2001]). Having determined that the plaintiff established that the defendants Noumeir Tehseldar and Ihab Tartir committed oppressive actions by excluding him from the business (*see* Business Corporation Law § 1104-a [a] [1]), the Supreme Court had to determine whether to proceed with involuntary dissolution of the corporate defendants, Furniture A2Z, Inc., and Furniture 123, Inc. (hereinafter together the corporate defendants) (*see* Business Corporation Law § 1104-a [b]). The Supreme Court directed a buy-out of the plaintiff's interest in the corporate defendants for the sum of $44,638.71, with an alternate option for dissolution should the judgment not be paid by a specified date.

In a proceeding pursuant to Business Corporation Law § 1104-a, "[a] court has broad latitude in fashioning alternative relief" (*Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 74 [1984]; *see Matter of Wiedy's Furniture Clearance Ctr. Co.*, 108 AD2d 81, 85 [1985]). The Supreme Court providently exercised its discretion in fashioning a remedy, and we see no reason to disturb it (*see* Business Corporation Law § 1104-a [b]; *Matter of Wenger v L.A. Wenger Contr. Co., Inc.*, 114 AD3d 694 [2014]; *Matter of Burack [I. Burack, Inc.—Burn-Rite Valve Mfg. Corp.]*, 137 AD2d 523 [1988]). However, the court erred in awarding the plaintiff attorney's fees pursuant to Business Corporation Law § 1118 (c) (1), which is inapplicable under the facts of this case (*see* Business Corporation Law § 1118 [c] [1]).

The Supreme Court also should not have found liability on the part of Tehseldar and Tartir, who were corporate principals of the corporate defendants, because one of the primary legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals (*see Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]), and the court did not find that they "abused the privilege of doing business in the corporate form" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see* Business Corporation Law § 1104-a [a] [2]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.