In the Matter of the Application of John Marro, Diane Marro-Quinn and Suzanne Traversa, Petitioners, For the Judicial Dissolution of Marjod Realty Corp. Pursuant to Section 1104-a of the Business Corporation Law.


607332-16

CHARLES G. EICHINGER & ASSOCIATES, P.C.
Attorneys for Petitioners
1601 Veterans Memorial Highway, Suite 510
Islandia, New York 11749
LAW OFFICES OF HOWARD E. GREENBERG, ESQ., P.C.
Attorneys for Respondent Marjod Realty Corp.
180 East Main Street, Suite 308
Smithtown, New York 11787
NEUFELD, O'LEARY & GIUSTO
Attorneys for Respondents Frank Marro, Vanessa Marro Smagala and Steven Marro
370 Lexington Avenue, Suite 908
New York, New York 10017
WALSH & ROTH, LLP
Attorneys for Respondent David Marro
360 Route 109
West Babylon, New York 11704


Elizabeth H. Emerson, J.

Upon the following papers read on this motion for leave to exercise right of election and cross-motions for stay and to disqualify counsel ; Notice of Motion and supporting papers 96-104 ; Notice of Cross Motion and supporting papers 108-115; 116-132 ; Answering Affidavits and supporting papers134-143; 144; 146-147 ; Replying Affidavits and supporting papers148-153; 154-156 ; it is,
ORDERED that the motion by the respondent Marjod Realty Corp. pursuant to Business Corporation Law §1118 for leave to exercise its right to purchase the petitioner's shares is granted; and it is further 
ORDERED that the petition for dissolution is stayed; and it is further
ORDERED that the matter is converted to a valuation proceeding to determine the fair value of the petitioners' shares as of the day prior to the date on which the petition was filed; and it is further
ORDERED that the cross motion by the petitioners for a stay of this proceeding pending the determination of a related shareholders' derivative action (Index No. 624609-17) is denied; and it is further
ORDERED that the branch of the cross motion by the respondents Frank Marro, Steven Marro, and Vanessa Marro Smagala which is for an order disqualifying the petitioners' counsel is granted; and it is further
ORDERED that all proceedings in this matter are stayed for 30 days from the date of service of this order so that the petitioners may have an opportunity to obtain new counsel; and it is further
ORDERED that the cross motion by the respondents Frank Marro, Steven Marro, and Vanessa Marro Smagala is otherwise denied as academic. 
The petitioners commenced this proceeding for judicial dissolution of Marjod Realty Corp. ("Marjod") pursuant to Business Corporation Law 1104-a. Marjod was initially owned by Joseph Marro, Sr., and his brother, the respondent David Marro, who each held a 50% ownership interest therein. After the death of Joseph Marro, Sr., in 2002, David Marrow continued to operate the business without the consent or input of the executors of the Estate of Joseph Marro, Sr. In 2007, Charles G. Eichinger & Associates, P.C. ("the Eichinger firm"), was retained, inter alia, to force David Marrow to buy out the Estate's interest in Marjod or, in the alternative, to force a liquidation and dissolution of Marjod. The Eichinger firm then commenced a proceeding in Surrogate's Court for an accounting and to liquidate and dissolve Marjod and other business entities owned by Joseph Marro, Sr., and David Marrow. That proceeding was subsequently withdrawn, and the Estate of Joseph Marro, Sr., was settled in 2013. Joseph D. Marro, who died in 2011, inherited an 8.33% ownership interest in Marjod. The respondents Steven Marro and Vanessa Marro Smagala are the co-executors and sole beneficiaries of Joseph D. Marro's estate.Business Corporation Law 1104-a provides that the holders of 20% or more of the outstanding shares of a closely held corporation have the right to petition for a judicial dissolution under "special circumstances" (Matter of Exterior Delite, Inc., 14 Misc 3d 910, 913). Business Corporation Law §1118 is a "defensive mechanism" for the nonpetitioning shareholders (Id.). It gives them the an absolute right to avoid the dissolution proceedings and any possibility of the corporation's liquidation by electing to purchase the petitioners' shares at their fair market value and upon terms and conditions approved by the court (Id., citing Matter of Pace Photographers [Rosen], 71 NY2d 737, 744-745). The corporation and the remaining shareholders have the unconditioned right, within 90 days of the petition (and later within the court's discretion), to avoid the potential drain and risk of dissolution proceedings by simply offering to buy out the minority's interest, and the minority is protected by a court-approved determination of fair value and other terms and conditions of the purchase (Matter of Pace [*2]Photographers [Rosen], supra at 745).
In a proceeding pursuant to Business Corporation Law 1104-a, the court has broad latitude in fashioning alternative relief (Qadan v Tehseldar, 139 AD3d 1036, 1037). Before dissolution is ordered, the court is required to consider whether liquidation of the corporation is the only feasible means whereby the petitioning shareholders may obtain a fair return on their investment and whether it is reasonably necessary to protect the rights and interests of a substantial number of shareholders (Matter of Exterior Delite, Inc., supra, citing Business Corporation Law 1104-a [b] [1], [2]). Judicial dissolution is a remedy of last resort, and a buy-out pursuant to Business Corporation Law §1118 is generally preferable to dissolution because it maintains the viability of the corporation (Hoffman v S.T.H.M. Realty Corp., Sup Ct, Kings County, Oct. 6, 2016, Knipel, J. [2016 WL 5871749], at *1). Absent exceptional circumstances, courts will ordinarily exercise their discretion to authorize a buy-out (Id., citing Matter of Flushing Office Ctr. [Young Dae Kwon], 276 AD2d 629, 629-630).
The petitioners' only objection to Marjod Realty Corp.'s exercise of its right to purchase the petitioners' shares pursuant to Business Corporation Law §1118 is that it is untimely. The petitioners proffer no substantive reason why Marjod should not be allowed to purchase their shares. A buy-out of the petitioners' shares is clearly preferable to liquidation of the corporation. It would allow the petitioners to obtain a fair return on their investment while protecting the rights and interests of the remaining shareholders. Accordingly, the motion is granted.
The petitioners cross move for a stay of this proceeding pending the determination of a related shareholders' derivative action (Index No. 624609-17). The petitioners contend that the value of their interest in Marjod cannot be determined until the derivative action is resolved. The petitioners, therefore, contend that this action should be stayed pending resolution of the derivative action. 
While the petitioners are correct that the issues in the derivative action are inextricably intertwined with the determination of the fair value of their shares in Marjod (Matter of Tosca Brick Oven Bread [Lubena], 243 AD2d 416), there is no need to stay this proceeding. Both the derivative claims and the valuation proceeding may proceed in tandem (Edmonds v Amnews Corp., 224 AD2d 358), and the court will make every effort to coordinate this proceeding with the derivative action. The court notes, however, that a Request for Judicial Intervention (RJI) has not been filed in the derivative action. Until the filing of an RJI, the derivative action cannot be assigned to this part (see, 22 NYCRR 202.6 [c]). Accordingly, the petitioners' cross motion is denied, and the petitioners, who are the plaintiffs in the derivative action, are directed to file an RJI in that action.
The respondents Frank Marro, Steven Marro, and Vanessa Marro Smagala cross move for an order disqualifying Charles G. Eichinger & Associates, P.C. ("the Eichinger firm"), from representing the petitioners in this action on the ground that the firm previously represented Steven and Vanessa's deceased father, Joseph D. Marro, in connection with the dissolution and liquidation of Marjod Realty Corp. As the fiduciaries of his estate, Steven Marro and Vanessa Marro Smagala stand in the shoes of their father (see, Matter of Hersch, 40 Misc 3d 1211[A] at *3, affd. 129 AD3d 840). 
The rule is well established that a party seeking to disqualify an attorney or law firm on the ground of prior representation must show: (1) the existence of a prior attorney-client [*3]relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and the former client are materially adverse (Talvy v American Red Cross in Greater NY, 205 AD2d 143, 148, affd 87 NY2d 826). If the moving party satisfies all three criteria, an irrebutable presumption of disqualification arises (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131-132).
In his affidavit in opposition to the motion, Charles Eichinger, Esq., avers as follows: In 2007, he and Earnest Wruck, Esq., were retained as co-counsel by the petitioners and Joseph D. Marro in connection with an application for an accounting of the estate of his father, Joseph Marro, Sr. In addition to his other assets, Joseph Marro, Sr., had a 50% ownership interest in Marjod Realty Corp. The representation lasted until May 2008, after which Joseph D. Marro proceeded pro se with regard to his father's estate. 
The 2007 retainer letter reveals that the Eichinger firm was hired to force the buyout or liquidation of Joseph D. Marro's father's interest in various businesses, including Marjod Realty Corp. The firm specifically agreed to do the following: 
"We will represent you in all proceedings required to force the surviving partner to buy out the estate interest in said business enterprises or in the alternative, to force a liquidation and dissolution of same. We will file a petition in the Suffolk County Surrogate's Court to obtain a partition and sale of business real estate and to compel and accounting and dissolutionment [sic] of the above business entities."
While Charles Eichinger attempts to minimize the length and nature of his firm's representation of Joseph D. Marro, the record reflects that the firm was retained to represent Joseph D. Marro and the petitioners in connection with a matter that is substantially related to the matter now before the court. The fact that the Eichinger firm may not have actually obtained any confidential information from Joseph D. Marro in connection with its former representation is of no moment. The movants are entitled to freedom from apprehension and to certainty that their interests will not be prejudiced due to Eichinger's representation of the petitioners in the current proceeding (see, Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728). Finally, the court finds that, contrary to the petitioners' contentions, the interests of the petitioners and the movants are materially adverse. 
In view of the foregoing, the court finds that the movants have established all three criteria for disqualification of the Eichnger firm. Accordingly, the cross motion by Frank Marro, Steven Marro, and Vanessa Marro Smagala is granted.
DATED:October 24, 2018
__________________________
J. S.C.